**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100

**PAUL HASTINGS LLP**
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:   (310) 620-5879
Facsimile:   (310) 620-5899

Attorneys for Plaintiff
PACIFIC PIPELINE COMPANY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## METROPOLITAN DIVISION

| | |
|---|---|
| PACIFIC PIPELINE COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, a state government; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 1:26-CV-01486-KES-CDB<br><br>(*Originally filed as Case No. BCV-25-103508*)<br><br>**DECLARATION OF JEFFREY D. DINTZER IN SUPPORT OF PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT** |

DECLARATION IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT

## <u>DECLARATION OF JEFFREY D. DINTZER</u>

I, Jeffrey D. Dintzer, state and declare as follows:

1.     I am an attorney licensed to practice law before all courts in the State of California, and am a partner at the law firm of Alston & Bird LLP, and a counsel of record in this case for Plaintiff Pacific Pipeline Company. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2.     I offer this declaration in support of Plaintiff Pacific Pipeline Company's Request for Entry of Default Judgment.

3.     Plaintiff filed this action in the Superior Court for the County of Kern on September 29, 2025, and Defendant was served on November 5, 2025.

4.     On December 5, 2025 Defendant State of California (the "State") moved to transfer venue to the Superior Court for the County of Santa Barbara.

5.     Plaintiff filed its First Amended Complaint in the Superior Court for the County of Kern on January 21, 2026, raising preemption claims based upon the actions of a federal agency.

6.     On February 3, 2026, the Superior Court for the County of Kern denied the State's motion to transfer venue.

7.     The State removed this action to federal court on February 20, 2026. *See* ECF No. 1.

8.     The State did not file a pre-removal responsive pleading or motion to the First Amended Complaint.

9.     Under Federal Rule of Civil Procedure Rule 81(c), because the State did not file a pre-removal responsive pleading or motion, it was required to file one by February 27, 2026. *See* Fed. R. Civ. P. 81(c)(1), (2) (providing that defendants who do not answer before removal "must answer or present other defenses or

1

DECLARATION IN SUPPORT OF<br>ENTRY OF DEFAULT JUDGMENT

objections under these rules within the longest of these periods," including "'7 days after the notice of removal is filed'").

10. Local Rule 230 sets forth the Eastern District of California's requirements for filing and noticing a responsive motion or pleading. Specifically, Local Rule 230(b) requires a moving party to file "a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence," and to set the matter for hearing on the assigned judge's motion calendar "not less than thirty-five (35) days after service and filing of the motion." L.R. 230(b).

11. Local Rule 230(b) distinguishes between a motion that is merely defective in notice, and a filing that is not properly presented as a motion at all. In the former situation, "[m]otions defectively noticed shall be filed, but not set for hearing," and the clerk is then to notify the moving party so that a corrected notice may be filed. *Id*.

12. Local Rule 230 does not set forth a curative provision for a motion that was both defectively filed and defectively noticed.

13. On February 27, 2026, the State purported to file a Motion to Dismiss the First Amended Complaint. *See* ECF No. 4.

14. However, the State's supposed motion papers were filed as attachments to a separate request for judicial notice, and were therefore not filed or noticed in compliance with Local Rule 230(b).

15. On March 16, 2026, the Court issued an Order reflecting that failure and finding that the State's purported motion was both defectively noticed *and* filed. *See* ECF No. 6. The Court explained that the State "purported" to file a motion by attaching motion papers to a separate request for judicial notice, but that "[n]o

DECLARATION IN SUPPORT OF
ENTRY OF DEFAULT JUDGMENT

motion to dismiss properly has been either noticed *or* filed" at all. ECF No. 6, Minute Order Dated March 16, 2026 (emphasis supplied).

16.    If the State had filed an actual motion and selected an improper hearing date or otherwise failed to comply with the notice mechanics of Local Rule 230(b), then the Rule's curative provision might have treated the State's purported motion as filed and simply required re-noticing. But, according to the Court's March 16th Minute Order, the State failed to both notice *and* file its "purported motion." ECF No. 6.

17.    Further, the Court declined to "immediately notify the moving party of the defective notice and of the next available dates and times for proper notice," which the Court would have done if Local Rule 230's curative provision applied. L.R. 230(b). This further confirms that the curative provision does not apply here, and that the State never filed a responsive pleading or motion to Plaintiff's First Amended Complaint.

18.    Under Federal Rule of Civil Procedure Rule 81(c), the State's deadline to file a pleading or motion responding to the First Amended Complaint was February 27, 2026.

19.    The State has failed to comply with that statutory deadline.

20.    Federal Rule of Civil Procedure 55(a) states that, when a party "has failed to plead or otherwise defend," and that failure is shown by affidavit or otherwise, "the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (emphasis provided).

21.    The State is not a minor or an incompetent person or in military service or otherwise exempted under the Servicemembers Civil Relief Act. *See* 50 U.S.C. App. §§ 501-596.

3

DECLARATION IN SUPPORT OF
ENTRY OF DEFAULT JUDGMENT

22.    Given the State's failure to timely respond to the First Amended Complaint, on behalf of Plaintiff Pacific Pipeline Company, I respectfully request that the Clerk enter the default of Defendant State of California in the above-captioned action.

I declare under penalty of perjury under the United States of America that the foregoing is true and correct.

Executed this 17th day of March, 2026, in Los Angeles, California.

**ALSTON & BIRD LLP**

By: /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER

Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

4

DECLARATION IN SUPPORT OF
ENTRY OF DEFAULT JUDGMENT

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2026, I electronically filed the foregoing **DECLARATION OF JEFFREY DINTZER IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

I certify that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, 17th day of March, 2026.

By: /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER

Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

5

DECLARATION IN SUPPORT OF
ENTRY OF DEFAULT JUDGMENT