ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
JACK C. NICK, State Bar No. 160196
ISABELLA PANICUCCI, State Bar No. 318984
Deputy Attorneys General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-6395
  Fax: (916) 327-2319
  E-mail:  jack.nick@doj.ca.gov
*Attorneys for Defendant,*
*State of California*

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pacific Pipeline Company, A Delaware Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**State of California and DOES 1 through 25,**<br><br>Defendant. | Case No. 26-cv-01486-KES-CDB<br><br>**NOTICE OF MOTION AND MOTION FOR ADMININSTRATIVE RELIEF RE DEFENDANT'S MOTION TO DISMISS**<br><br>**[Declaration of Jack Nick in support of motion filed concurrently under separate cover]**<br><br>Date: April 27, 2026<br>Time: 1:30 p.m<br>Courtroom: 6 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on April 27, 2026, at 1:30 p.m. in courtroom 6 of the Robert E. Coyle United States Courthouse located at 2500 Tulare Street in Fresno, California 93271, Defendant, State of California, will move for administrative relief for an order deeming defendant's motion to dismiss Plaintiff's first amended complaint as filed as of February 27, 2026, and to schedule a hearing on the motion.  In the alternative, the State seeks an order extending the date by which it must file its response to First Amended Complaint to five days after the Court grants such relief.

1

The motion will be and hereby is based on this notice, the memorandum of points and authorities in support of the motion, the concurrently filed declaration of Jack Nick, Federal Rules of Civil Procedure 6 and 78, local rule 233, the files and records in this action, and any further evidence and argument that the Court may receive at or before the hearing.

Dated:  March 18, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
ISABELLA PANICUCCI
Deputy Attorney General

JACK C. NICK
Deputy Attorney General
*Attorneys for Defendant,*
*State of California*

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ADMININSTRATIVE RELIEF

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff has sued the State of California (State) in part to challenge the application of a duly enacted state law as preempted by federal law. The State moved to dismiss on the ground that it is not a proper party and the claims are not ripe adjudication. But the State uploaded a supporting document to its motion as the first document in this Court's ECF system. The different upload sequencing did not prejudice Plaintiff, which received and was aware of the motion, and indeed filed a timely opposition to it. But, after the Magistrate Judge noted the sequencing error and deemed the motion not filed, Plaintiff requested an entry of default — an attempt to deprive the State of the opportunity to defend an act of its Legislature. That is entirely improper. Because both the State's motion to dismiss and Plaintiff's opposition were timely filed, and merely uploaded incorrectly in the ECF system, this Court should deem them filed and proceed to consider the motion to dismiss.

### BACKGROUND

State's motion to dismiss was timely uploaded to ECF [ECF 4] but deemed not filed in a minute order entered by Magistrate Judge Christopher D. Baker dated March 16, 2026 [ECF 6]. The Minute Order provides that the State "purported to notice and file a motion to dismiss by attaching its motion papers as an exhibit to a separately filed Request for Judicial Notice" and that "[n]o motion to dismiss properly has been either noticed or filed," citing Local Rule 230. [ECF 6.]

State's motion to dismiss and related papers were uploaded to ECF on February 27, 2026 at approximately 5 p.m. [ECF 4.] When attempting to upload the motion papers, searches using the terms "motion to dismiss," "motion" and "dismiss" did not yield any results. (Nick Decl, par. 3.) However, a search using "Request for Judicial Notice" came back with a link allowing the documents to be uploaded, which the State accessed and used. (Nick Decl, par. 3.) There was no option to file the Notice of Motion as the lead document. (Nick Decl, par. 3.) The help desk was closed at the time the documents were filed. (Nick Decl, par. 3.)

Plaintiff, Pacific Pipeline Company, timely filed its opposition to the motion to dismiss

under the ECF title "Request for Judicial Notice" on March 13, 2026. [ECF 5.] The Court notified the parties that the motion was not filed or scheduled for hearing by minute order on March 16, 2026, after Plaintiff filed its opposition papers. [ECF 6.] Plaintiff has now purportedly filed a request for entry of default despite have been served with and filed a response to the motion to dismiss. [ECF 7].

### THE COURT SHOULD GRANT THE STATE RELIEF UNDER LOCAL RULE 233

Local Rule 233 authorizes a party to bring administrative matters requiring a Court order to the Court's attention through a motion for administrative relief. L.R. 233. The motion must include a description of the specific action requested, the reasons supporting the request, and relevant background information. L.R. 233.

Here, the State is seeking an administrative order setting its motion to dismiss for hearing and deeming the motion as filed on February 27, 2026. In the alternative, the State seeks an order extending the date by which it must file its response to the First Amended Complaint to five days after the Court grants such relief. This relief is requested because though timely uploaded onto the Court's ECF system and served on the plaintiff, State's motion to dismiss was deemed not filed by the Magistrate Judge because the motion was not the lead document in ECF. Rather, the request for judicial notice was filed as the lead document in ECF. No similar relief has been requested to date. (Nick Decl. par. 5.)

The March 16 minute order refers to Local Rule 230 as authority. However, Local Rule 230 does not state that the notice of motion or memorandum must be filed as the first document, only that "[t]he moving party … file a notice of motion, motion, accompanying briefs, affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion." L.R. 230. Moreover, under this rule when the Court determines that the motion papers were defectively filed, the Clerk "shall immediately notify the moving party of the defective notice and advise of the next available dates and times for proper notice," after which the moving party "shall file and serve a new notice of motion setting forth a proper time and date." L.R. 230. Although the Court advised the parties of the defectively filed motion papers, the court clerk has not provided the next available date for proper notice.

Plaintiff will not be prejudiced by the requested order in that it received the moving papers and filed an opposition to the motion. On the other hand, if the Court does not grant the relief sought, the State may potentially be prejudiced if adverse action is taken against the State for uploading the documents out of sequence.

**PLAINTIFF OPPOSES THE REQUESTED RELIEF**

Plaintiff has indicated its opposition to the relief requested in this motion by filing a request for entry of default.[1] Under Federal Rule of Civil Procedure 55, entry of default is only appropriate where the party has "failed to plead or otherwise defend…" Fed. Rule 55(a). Plaintiff has not met this standard.

The State's intent to defend belies entry of its default under Rule 55 (a). In *Stewart v. Hawes*, the District of Oregon held that "defendant responded to plaintiff's complaint—through the motion to dismiss—and default is not warranted or appropriate" under Rule 55(a), which requires entry of default only where the defendant "has failed to plead or otherwise defend" *Stewart v. Hawes*, 2015 U.S. Dist. LEXIS 16575 (Or. 2015). Similarly, in *Farmer v. Las Vegas Metropolitan Police Department*, the District of Nevada found that "defendants' motion practice and activity in case demonstrated clear intent to defend action, and thus default judgment was not warranted," even if the motion to dismiss did not toll the deadline to file an answer. *Farmer v. Las Vegas Metropolitan Police Department*, 423 F.Supp.3d 1008 (Nv. 2019). Here, as in *Stewart* and *Farmer*, the State has demonstrated a clear intent to defend the action by filing its motion to dismiss in this court, and motion to transfer and notice of removal in state court. Therefore the State's default request should not be entered.

**CONCLUSION**

The State requests the Court issue an administrative order deeming State's motion to dismiss Plaintiff's first amended complaint as filed as of February 27, 2026 and to schedule a hearing on the motion.  In the alternative, the State seeks an order extending the date by which it must file its response to First Amended Complaint to five days after the Court grants such relief.

---

[1] Plaintiff's counsel has responded to the State's inquiry regarding Plaintiff's position about the relief requested in the motion by suggesting it file this motion, after which if relief is granted would "consider" relieving the State of default. (Nick Decl. par. 6.)

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ADMININSTRATIVE RELIEF

Dated:  March 18, 2026

Respectfully submitted,

JACK C. NICK
Deputy Attorney General
*Attorneys for Defendant,*
*State of California*

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ADMININSTRATIVE RELIEF

# CERTIFICATE OF SERVICE

Case Name: **Pacific Pipeline Company, A Delaware Corporation v. State of California**

Case No. **1:26-CV-01486-KES-CDB**

I hereby certify that on <u>March 18, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF RE DEFENDANT'S MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 18, 2026</u>, at Los Angeles, California.

|  |  |
|---|---|
| Kevin Carballo | /s/ Kevin Carballo |
| Declarant | Signature |

SA2025306665
68285373.docx