ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
JACK C. NICK (State Bar No. 160196)
ISABELLA A. PANICUCCI (State Bar No. 318984)
Deputy Attorneys General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone:  (916) 210-7662
  Fax:  (916) 327-2319
  E-mail:  Isabella.Panicucci@doj.ca.gov
*Attorneys for Defendant*
*State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pacific Pipeline Company, A Delaware Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**State of California and DOES 1 through 25,**<br><br>Defendant. | 1:26-CV-01486-KES-CDB<br><br>**DEFENDANT STATE OF CALIFORNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:     April 6, 2026 (Vacated)<br>Time:     1:30 p.m.<br>Courtroom: 6 [7th Floor]<br>Judge:    The Honorable Kirk E. Sherriff<br>Trial Date: None Set<br>Action Filed: September 29, 2025 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's broad-strokes opposition to the State's motion to dismiss falls apart on analysis. First, the State is an improperly named defendant, as shown by legal authority Plaintiff has ignored and by Plaintiff's acknowledgement that California agencies are responsible for enforcement of SB 237.

Second, Plaintiff tacitly concedes the State has made no efforts to enforce any of the complex provisions of SB 237 against it and that the only alleged threat to enforce the Act has been by a non-party state agency, and therefore the matter is not ripe for adjudication.

Third, the statutes at issue that were added or amended by SB 237 do not include any provision for criminal liability, nor has Plaintiff specified or cited to any other provision of SB 237 that creates or expands criminal liability to which Plaintiff faces a threat of enforcement.

Fourth, Plaintiff points to recent events to argue that the Consent Decree has no preclusive effect with regard to Plaintiff's preemption claim. However, the supposed changes in underlying operative facts that Plaintiff points to, related to the pipelines at issue, do not avoid the preclusive effect of the Consent Decree. The pipelines remain subject to the terms of the Consent Decree, which stipulates that the pipelines are intrastate. A change in the current federal administration's view of the pipelines as interstate does not amount to a change in fact that avoids the preclusive effect of the earlier Consent Decree judgment, and the issue of federal preemption is directly at issue in litigation pending in the Ninth Circuit Court of Appeals.

Finally, Plaintiff represents that it can cure any defects through an amended pleading but has not provided any proposed amendments and has stated only that it would respond by "adding the state actors" and adding unspecified new claims and facts, which is insufficient.

### ARGUMENT

### I.   THE STATE IS AN IMPROPER DEFENDANT

Plaintiff contends it has alleged sufficient facts to constitute a cause of action against the State because it has alleged preemption and because the State's authorities are distinguishable. Neither contention has merit.

2

Plaintiff first contends that the State is a proper defendant any time there is a preemption issue in a dispute in a matter that would otherwise involve a state agency, citing the decisions in *Purdy & Fitzpatrick v. State*, 71 Cal. 2d 566 (1969), and *Regina v. State of California*, 89 Cal. App. 5th 386 (2023). However, neither case supports such contention. In *Purdy & Fitzpatrick*, plaintiffs asserted a constitutional challenge against a California law banning employers from hiring noncitizen workers to carry out public contracts after some of the plaintiffs had been fined for violating the law. Plaintiffs named a host of state agencies and the State Treasurer as defendants, but the only parties to the appeal were two of the plaintiffs on one hand, and the Division of Labor Law Enforcement and the State Treasurer on the other hand. *Purdy & Fitzpatrick*, 71 Cal. 2d at 572. Although an issue on appeal was whether the California law was preempted by federal law, *Purdy & Fitzpatrick* does not hold that the State is a proper defendant. To the contrary, the State is not mentioned at all.[1] It is also of note that the plaintiffs in *Purdy & Fitzpatrick* asserted a constitutional challenge as against the statute, and there had already been an enforcement action by the state agency against the plaintiffs. *Id.* at 570. Plaintiff has not presented a constitutional challenge in this case. Instead, it alleges that the Act, as potentially applied to specific pipelines by non-party agencies, is preempted by specific orders issued by a federal agency that only pertain to the specific pipelines.

*Regina* also does not support Plaintiff's position. *Regina*, 89 Cal. App. 5th 386. *Regina* involved a facial constitutional challenge in which the Court found that California law was not preempted by the Second Amendment of the United States Constitution. *Id.* at 407. However, there was no discussion as to whether the State was a proper defendant in *Regina*, and Plaintiff has not asserted a constitutional claim in this matter.

Moreover, Plaintiff has failed to address the primary authority requiring dismissal of the State as an improper party, *Templo v. State*, 24 Cal. App. 5th 730 (2018). The *Templo* court held that the California Judicial Council had the "direct institutional interest necessary to defend" a constitutional challenge to the jury fee deposit requirement and that the State was not a proper

---

[1] It is not clear from the opinion if the State was ever a defendant, or if it was, whether it had already been dismissed.

party. *Id*. at 737.

*Templo* cited *State v. Superior Court (Veta)*, 12 Cal. 3d 237 (1974), in support of its holding that the State must be dismissed as an improper party. *Id.* In *Veta*, the Court held that the State was not a proper party to a lawsuit challenging the denial of a permit from the Coastal Commission because the petition did not include any allegations establishing any right to declaratory relief against the State (as distinguished from the Commission). *Veta*, 12 Cal. 3d at 255.

Plaintiff also fails to distinguish other authorities cited in the moving papers. It claims *Serrano v. Priest*, 18 Cal. 3d 728 (1976), is inapposite because the procedural mechanism that brought the matter to the court's attention was different than a dispositive motion. However, *Serrano* was cited favorably in *Templo*, which as noted above involved the dismissal of the State as it was not a proper party. *Templo*, 24 Cal. App. 5th at 737. Therefore, *Serrano* is controlling authority and supports dismissal of the State. As the State is not a proper party, the Motion to Dismiss should be granted.

Fundamentally, Plaintiff's contention that the existence of a preemption issue somehow transforms the State from an improper to proper defendant does not make sense. The State does not suddenly acquire "direct institutional interest" simply because there is a dispute as to applicable law. However, even if that were the rule, it would only apply to Plaintiff's second cause of action. Dismissal of the State from Plaintiff's first cause of action would leave the second cause of action (the preemption claim), which as noted in the moving papers is being litigated by the responsible federal and state agencies in a matter pending in the Ninth Circuit (Case No. 26-508), and is subject to claim preclusion as discussed below. Therefore, at a minimum, the first cause of action should be dismissed, and the second cause of action should either be dismissed or stayed pending the outcome of the other proceeding.

## II.   PLAINTIFF FAILS TO SHOW THAT THE MATTER IS RIPE FOR ADJUDICATION

Plaintiff contends the matter is ripe for adjudication because the California SB 237 legislation on which Plaintiff seeks declaratory relief carries criminal penalties for which a final agency action is not necessary. This argument falls apart on analysis for at least two critical reasons.

4

First, Plaintiff fails to cite any part of the SB 237 provisions at issue that carries criminal penalties. Plaintiff quotes from the legislative digest but not any provisions of the Act. This is important because SB 237 includes a new statute and several amendments to existing statutes, only two of which are at issue in this matter. One of the provisions at issue, Government Code section 51014.1 (see First Amended Complaint, par. 5), requires a hydrostatic test to restart a pipeline that has been idle, inactive or out of service for five years or more. There is no mention of criminal penalties included in this new statute.

The other provision of SB 237 at issue are the amendments to Public Resources Code section 30262 (see First Amended Complaint, par. 6). However, the amendments do not add any criminal penalties. Cal. Pub. Res. Code § 30262, 2025 Amendment.

Moreover, Plaintiff concedes that to support its claim for ripeness there has to be a "an actual and well-founded fear that the [criminal] law will be enforced" against it. (Pl. Opp. at 11:8-9). Here, however, Plaintiff does not allege that it has a "well-founded fear" of any criminal penalties as a result of a threat that SB 237 will be enforced against it because there is no criminal statute at issue. Nor has Plaintiff alleged any threat of enforcement by the State (as opposed to a state agency). The only "threat" Plaintiff has identified, which was not alleged in the First Amended Complaint but was attached as Exhibit "A" to its Request for Judicial Notice filed in support of its response, is a February 18, 2026 letter to Plaintiff's parent company (Sable) from the non-party California Coastal Commission (an agency of the State but not the State) providing a "courtesy reminder" that Sable must apply for a coastal development permit under the amendments to Public Resources Code section 30262 before restarting the pipelines—hardly a threat of criminal enforcement.

Second, Plaintiff is asserting two claims in this lawsuit. The first cause of action seeks a judicial declaration that pipelines CA-324 and CA-325 "have not been idle, inactive or out of service for five years or more" within the meaning of SB 237. The second cause of action is based on federal preemption. Neither claim challenges any criminal statute or penalty. Consequently, Plaintiff's claim for ripeness arising from a potential threat of criminal prosecution that has not been pled and is not at issue, is unavailing.

5

Plaintiff also claims the matter is ripe for adjudication because the second cause of action is based on federal preemption. However, the cases cited by Plaintiff are inapposite. In *Sail'er Inn*, which involved a facial constitutional challenge to a California law banning women from serving as bartenders, the Court held that in light of the particular "extraordinary circumstances" of the female plaintiffs it would be improper to require exhaustion of administrative remedies. *Sail'er Inn, Inc. v Kirby*, 5 Cal. 3d 1, 4 (1971). Here, the allegations in the first amended complaint do not allege a facial constitutional challenge, and do not present the type of "extraordinary circumstances" of the type at issue in *Sail'er*. Further, exhaustion of administrative remedies is a different analysis than ripeness. *Felder v. Casey*, 487 U.S. 131 (1988), and *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983), involve federal question and preemption issues, but not ripeness and therefore do not support Plaintiff's argument. Even if there is some relaxation of the rules relating to ripeness of a claim where preemption is at issue, such argument does not address Plaintiff's first cause of action, and as noted above the preemption issue is being adjudicated in the Ninth Circuit.

Plaintiff's preemption argument also underscores the impropriety of naming the State as a defendant. As noted in the moving papers, the statutes at issue potentially involve two state agencies—California Department of Forestry and Fire Protection's Office of the State Fire Marshal ("OSFM") and the California Coastal Commission. These entities—not the State—have direct institutional interest and knowledge to defend against the preemption claim and, therefore, are the agencies with implementation authority pursuant to the two SB 237 provisions at issue.

**III.    CLAIM PRECLUSION APPLIES TO PLAINTIFF'S PREEMPTION CAUSE OF ACTION**

The pipelines at issue were the subject of the Consent Decree attached to the Request for Judicial Notice as Exhibit B, which Plaintiff acknowledges still applies to the pipelines at issue. *See* RJN, Exh. A, pars. 33-35 [Complaint]. Plaintiff also does not dispute that it is bound by the terms of the Consent Decree pursuant to the Consent Decree Assumption Agreement attached as Exhibit K to the State's Request for Judicial Notice. The assumption agreement specifically obligated Plaintiff to be "bound by those provisions of the Consent Decreet and Appendices B and D.…" RJN, Exh. K.

The Consent Decree designates OSFM as responsible for the administration of its requirements consistent with the designation of the pipelines as intrastate. That both state and federal agencies were involved in developing the terms of the Consent Decree is not dispositive on the preclusive effect of the Consent Decree—and Plaintiff cites no authority holding otherwise. As noted in the moving papers, preclusive effect is not dependent on whether or not an argument was raised, as long as it could have been raised. *Littlejohn v. U.S.*, 321 F.3d 915, 919-20 (9th Cir. 2003). Plaintiff does not contend that the argument regarding federal preemption could not have been raised, only that it was not raised. Pl. Opp. 14:17.

Plaintiff claims there are changed facts to avoid the preclusive effect of the Consent Decree, citing the federal government's changed position on the pipelines from intrastate to interstate and the assertion of federal jurisdiction. However, those are not changed facts, only a change in the agency's conclusion regarding the pipelines. Consequently, there is no change in facts relating to the pipelines to avoid preclusion of Plaintiff's second cause of action relating to preemption.

Plaintiff also claims that since the litigation involves legislation that was not in effect at the time the Consent Decree was signed that there is no identity of claims. However, Plaintiff's second cause of action is based on a determination whether the pipelines are interstate or intrastate, and whether OSFM has jurisdiction over them. The Consent Decree declares that they are intrastate and subject to OSFM's jurisdiction. Accordingly, there is identity of claims.

The addition of SB 237 does not alter the analysis in reaching a determination that the pipelines are intrastate. Instead, it merely alters a specific aspect of how OSFM regulates a pipeline that is already within its jurisdiction.

Plaintiff's preemption argument is precluded by the Consent Decree. If there is no preemption, the second cause of action must be dismissed.

**IV.   PLAINTIFF HAS NOT PROFFERED FACTS TO SUPPORT LEAVE TO AMEND**

Plaintiff has made vague references to amendments to its claims that would cure the defects in the First Amended Complaint. However, it has not submitted a proposed amended complaint and has not provided sufficient information on which the Court can assess whether leave to amend should be granted.

Plaintiff requests leave to cure the defects in the complaint by (1) naming new California state agency defendants (apparently while leaving the State as a defendant, which does not cure the defects as to the State), (2) adding new claims (which does not cure the defects of the existing claims), and (3) alleging additional facts about the intent of SB 237 (which will do nothing toward addressing the defects). This vague explanation is insufficient under Federal Rule of Civil Procedure 7(b). All motions, including a proper request for leave to amend a complaint, must set forth with particularity the relief or order requested and the ground supporting the application. Fed. R. Civ. P. 7(b). Plaintiff has not filed a motion for leave to amend as required, but even if a request for leave to amend imbedded in an opposition may be considered as a motion for leave to amend, courts may require the submission of a copy of the proposed amended complaint. *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) (citing *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985)). As Plaintiff has failed to specify the proposed amendments, and has not submitted a proposed amended complaint, leave to amend should be denied.

## CONCLUSION

Plaintiff's First Amended Complaint fails to allege facts on which relief may be granted. Moreover, as Plaintiff has not shown it is able to cure these defects by further amending its complaint, the motion to dismiss should be granted without leave to amend.

Dated:  March 23, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
JACK C. NICK
Deputy Attorney General

ISABELLA A. PANICUCCI
Deputy Attorney General
*Attorneys for Defendant*
*State of California*

SA2025306665
39729942

8

# CERTIFICATE OF SERVICE

Case Name:   **Pacific Pipeline Company, A**          No.     **1:26-CV-01486-KES-CDB**
             **Delaware Corporation v. State**
             **of California**

I hereby certify that on <u>March 23, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT STATE OF CALIFORNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 23, 2026</u>, at Sacramento, California.

Antinia Brown
Declarant

Signature

SA2025306665
39731608