ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
JACK C. NICK, State Bar No. 160196
ISABELLA A. PANICUCCI, State Bar No. 318984
Deputy Attorneys General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone:  (916) 210-7662
  Fax:  (916) 327-2319
  E-mail:  Isabella.Panicucci@doj.ca.gov
*Attorneys for Defendant*
*State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Pacific Pipeline Company, A Delaware Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**State of California and DOES 1 through 25,**<br><br>Defendant. | Case No. 1:26-CV-01486-KES-CDB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c))**<br><br>[Notice of Motion and Motion, Declaration of Jack C. Nick, and Declaration of Isabella A. Panicucci concurrently filed]<br><br>Date:          May 6, 2026<br>Time:         10:30 a.m.<br>Judge:        The Honorable Christopher D. Baker<br>Trial Date:   None set<br>Action Filed:  September 29, 2025<br>Removed to Federal Court: February 20, 2026 |

## TABLE OF CONTENTS

**Page**

Memorandum Of Points And Authorities ................................................................................... 1

Introduction ............................................................................................................................... 1

Relevant Background ................................................................................................................. 2

Legal Standard .......................................................................................................................... 4

Argument ................................................................................................................................... 5

     I.     The State Did Not Engage in Culpable Conduct ....................................................... 5

     II.    The State Has Meritorious Defenses to Plaintiff's Claims ...................................... 7

     III.   Plaintiff Will Not Face Prejudice If Default Is Set Aside ....................................... 8

Conclusion ................................................................................................................................. 9

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Black v. Stafford*
No. CIV. S-10-567 FCD, 2011 WL 3925066 (E.D. Cal. Sept. 7, 2011) ................................. 6

*Brandt v. Am. Bankers Ins. Co. of Fla.*
653 F.3d 1108 (9th Cir. 2011) .................................................................................... 4

*Falk v. Allen*
739 F.2d 461 (9th Cir. 1984) .............................................................................. 4, 5, 8

*Farmer v. Las Vegas Metropolitan Police Department*
423 F.Supp.3d 1008 (Nv. 2019) ................................................................................ 3

*Mendoza v. Wight Vineyard Mgmt.*
783 F.2d 941 (9th Cir. 1986) ..................................................................................... 4

*Panis v. Mission Hills Bank*
60 F.3d 1486 (10th Cir. 1995) ................................................................................... 6

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*
507 U.S. 380 (1993) .................................................................................................. 6

*Safeco Ins. Co. of Am. v. Pederson*
No. 1:24-CV-01299-CDB, 2025 WL 711185, at *3 (E.D. Cal. Mar. 5, 2025) ................... 6, 8

*Stewart v. Hawes*
No. 3:14-CV-1643-AA, 2015 WL 589273 (D. Or. Feb. 10, 2015) ........................................ 3

*TCI Group Life Ins. Plan v. Knoebber*
244 F.3d 691 (9th Cir. 2001) ........................................................................... 5, 6, 7, 8

*United States v. Aguilar*
782 F.3d 1101 (9th Cir. 2015) .................................................................................... 9

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*
615 F.3d 1085 (9th Cir. 2010) ............................................................................ *passim*

**STATUTES**

Federal Rules of Civil Procedure
Rule 55(c) ................................................................................................................. 4
Rule 60(b) ................................................................................................................ 4
Rule 81(c) .............................................................................................................. 1, 2

Government Code § 51014.1 ...................................................................................... 7

ii

**TABLE OF AUTHORITIES**
(continued)

**Page**

Public Resources Code § 30262...................................................................................................... 8

**COURT RULES**

Local Rule
   230....................................................................................................................... 3, 5, 6
   233............................................................................................................................. 3

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant State of California (the "State") respectfully requests that the Court set aside the Clerk's Entry of Default, entered on March 18, 2026. Dkt. No. 12. Plaintiff Pacific Pipeline Company ("Plaintiff") has sued, in part, to challenge the application of a duly enacted state law as preempted by federal law. The State moved to dismiss Plaintiff's First Amended Complaint on February 27, 2026, within the statutory time established in Federal Rules of Civil Procedure, rule 81(c), on the grounds that the State is not a proper party and the claims are not ripe for adjudication. During the filing process, the State uploaded a request for judicial notice as the lead document in the Court's CM/ECF system, and uploaded its notice of motion and motion to dismiss (the "Motion to Dismiss") as an attachment to the request for judicial notice. Dkt. Nos. 4, 4-1. Plaintiff received the Motion to Dismiss and was aware of it, and indeed filed a timely opposition (Dkt. No. 5), and was therefore not prejudiced by the uploading sequence of the documents. After Plaintiff filed its opposition, Magistrate Judge Christopher D. Baker noted the error in the State's filing sequencing and deemed the State's Motion to Dismiss not properly noticed or filed. Dkt. No. 6. Plaintiff then requested an entry of default—an attempt to deprive the State of the opportunity to defend an act of its Legislature. Dkt. No. 9. The State promptly made a motion for administrative relief on March 18, 2026. Dkt. No. 11. The Clerk of the Court entered default shortly after the State's filed its motion for administrative relief. Dkt. No. 12.

The default is the result of a mistake made during the process of uploading the Motion to Dismiss in the CM/ECF filing system, and relief from default is warranted. Since this case was initiated, the State has diligently participated in the case and defended the litigation. Any deficiency in the filing of the State's response to Plaintiff's First Amended Complaint was the result of mistake, inadvertence, and excusable neglect, rather than the result of intentional delay, bad faith, or culpable conduct. The State has demonstrated that it has meritorious defenses to Plaintiff's claims. The case is in its infancy and Plaintiff will not be prejudiced if default is set aside. Finally, setting aside default is consistent with judicial policy strongly in favor of allowing cases to proceed on the merits and disfavoring default judgment.

1

**RELEVANT BACKGROUND**

This case was initiated in the California Superior Court for Kern County on September 29, 2025. Dkt. No. 1, p. 7. The State filed a timely motion to change venue on December 5, 2025. *Id.*, p. 104. After full briefing and a hearing, the Superior Court denied the State's motion. *Id.*, p. 457. While the motion to change venue was pending, Plaintiff filed a First Amended Complaint, which added allegations and a cause of action seeking a declaration that the application of certain state statutes to Plaintiff's pipelines were preempted by certain orders issued by the Pipeline and Hazardous Materials Safety Administration. *Id.*, p. 46. On February 20, 2026, the State removed this case to this Court. *Id.*, pp. 1-2.

Pursuant to Federal Rules of Civil Procedure, rule 81(c), responsive pleading is due within seven days after the notice of removal is filed. On February 27, 2026, within the timeframe established by Federal Rules of Civil Procedure, rule 81(c), the State filed and served its Motion to Dismiss using the Court's CM/ECF filing system. Dkt. Nos. 4, 4-1. When searching for options in the CM/ECF filing system for the type of document being filed, the State could not find a filing option that allowed it to file its Notice of Motion and Motion to Dismiss as the lead document. Declaration of Jack C. Nick ("Nick Decl."), ¶ 3. Instead, the State selected "Request for Judicial Notice," the only filing option that appeared to be available. *Id.* As such, the State filed its Request for Judicial Notice in support of the Motion to Dismiss as the lead document (Dkt. No. 4), and filed the Notice of Motion and Motion to Dismiss, including the supporting memorandum of points and authorities (Dkt. No. 4-1), and the supporting declaration of Jack Nick (Dkt. No. 4-2), as attachments to the Request for Judicial Notice.

Because the State's Motion to Dismiss was filed shortly after 5:00 p.m., the Eastern District's CM/ECF Helpdesk was not available to assist with filing questions. Nick Decl., ¶ 3. However, the online docket clearly and accurately reflects the substance of the attachments: "Memorandum Defendant State of California's Notice of Motion and Motion to Dismiss First Amended Complaint Memorandum of Points and Authorities" (Attachment #1, Dkt. No. 4-1) and "Declaration Declaration [sic] of Jack Nick In Support of Defendant State of California's Motion to Dismiss First Amended Complaint" (Attachment #2, Dkt. No. 4-2). Each of the documents in

Memorandum of Points and Authorities in support of Defendant State of California's
Motion to Set Aside Default (1:26-CV-01486-KES-CDB)

Docket Entry No. 4 was served electronically through the CM/ECF system on Plaintiff's counsel who are registered CM/ECF users, as evidenced by the proofs of service appended to the filed documents. Dkt. No. 4, p. 345; Dkt. No. 4-1, p. 30; Dkt. No. 4-2, p. 4.

On March 13, 2026, Plaintiff filed its Opposition to the State's Motion to Dismiss. Dkt. No. 5. Though Plaintiff's Opposition was titled "Plaintiff's Response in Opposition to Defendant's Motion to Dismiss," it was labeled in the CM/ECF system as a "Request for Judicial Notice." Dkt. No. 5. Based on Plaintiff's timely filing of its Opposition brief, it is undeniable that Plaintiff received notice of the State's Motion to Dismiss with sufficient time to prepare a thorough opposition brief.

On March 16, 2026, Magistrate Judge Christopher D. Baker entered a minute order noting that the State "purported to notice and file a motion to dismiss by attaching its motion papers as an exhibit to a separately filed Request for Judicial Notice," and therefore "[n]o motion to dismiss properly has been either noticed or filed. See Local Rule 230." Dkt. No. 6. Prior to this minute order, the State had not received any notice that there was a problem with how the Motion to Dismiss was filed in CM/ECF, and counsel believed that the Court was aware of the filing sequence and that the format of the filing was acceptable. Nick Decl., ¶ 4; *see also* Dkt. No. 5 (Plaintiff's Opposition similarly filed as a "Request for Judicial Notice"), Dkt. No. 8 (Clerk's Notice to Plaintiff noting filing deficiency and requesting that it refile its Request for Entry of Default). Upon receiving the minute order, the State immediately began to prepare a Motion for Administrative Relief, pursuant to Local Rule 233, requesting that the Court either deem the Motion to Dismiss as filed on February 27, 2026, or grant the State five days to file a responsive pleading. Nick Decl., ¶ 6.

Seizing the opportunity created by the Magistrate Judge's minute order, notwithstanding the fact that the State had clearly taken multiple steps to defend itself in this action[1] and the Plaintiff

---

[1] The State's intent to defend itself in this action runs counter to the entry of its default. Courts have held that default is not warranted or proper when a defendant has responded to a complaint through a motion to dismiss (*Stewart v. Hawes*, No. 3:14-CV-1643-AA, 2015 WL 589273, at *1 n.1 (D. Or. Feb. 10, 2015)), or when a defendant's motion practice demonstrates clear intent to defend the action (*Farmer v. Las Vegas Metropolitan Police Department*, 423 F.Supp.3d 1008, 1016 n.3 (Nv. 2019)). Through its motion to transfer venue, removal to federal
(continued…)

3

had already filed its Opposition to the State's Motion to Dismiss, Plaintiff promptly—and without giving prior notice to the State—requested that the Clerk of the Court enter the default of the State on March 17, 2026. Dkt. No. 7, refiled as Dkt. No. 9. Plaintiff's first attempt to file its Request for Entry of Default was defective and within two hours of that filing the Clerk provided notice to Plaintiff stating, "Please re-file your Request as only the Declaration in support of the Request for Entry of Default was filed." Dkt. No. 8. Plaintiff re-filed its Request for Entry of Default on March 17, 2026. Dkt. No. 9.

On March 18, 2026, the State filed a Motion for Administrative Relief, requesting that the Court deem the State's Motion to Dismiss filed as of February 27, 2026, or, in the alternative, extend the time for the State to file its response to Plaintiff's First Amended Complaint to five days after the Court rules on the Motion for Administrative Relief. Dkt. No. 11. Plaintiff filed a response to the State's Motion for Administrative Relief on March 19, 2026. Dkt. No. 14. The Court scheduled a hearing on the State's Motion for Administrative Relief for Friday, March 27, 2026 at 10:00 a.m. Dkt. No. 15.

Shortly after the State filed its Motion for Administrative Relief on March 18, 2026, the Clerk of the Court on that same day entered the default of the State. Dkt. No. 12.

**LEGAL STANDARD**

A court may set aside an entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c); *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). A district court has discretion to determine whether "good cause" exists, and that discretion is "especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). The standard for determining whether to set aside entry of default for "good cause" under Rule 55(c) "is the same as is used to determine whether a default judgment[2] should be set aside under Rule

---

court, and Motion to Dismiss, the State has clearly demonstrated that it intends to defend this lawsuit, and default is not warranted.

[2] "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

4

60(b)." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"), 615 F.3d 1085, 1091 (9th Cir. 2010).

"To determine 'good cause,' a court must 'consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## ARGUMENT

Each of the above factors weighs in favor of finding good cause to set aside default.

### I.    THE STATE DID NOT ENGAGE IN CULPABLE CONDUCT

The State did not engage in culpable conduct that led to the default. The Ninth Circuit has held that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) ("*TCI Group*") (overruled on other grounds by *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147-50 (2001)) ("intentional" in this context means "willful, deliberate, or evidence of bad faith"); *Mesle*, 615 F.3d at 1092. The State made every effort to file its response to Plaintiff's First Amended Complaint within the statutory deadline. In fact, the State did timely upload and serve the Motion to Dismiss, as evidenced by the Court's docket. Dkt. No. 4-1. Local Rule 230 does not specify that a noticed motion must be filed as the lead docket in a CM/ECF docket entry, and the State's counsel was not aware that the inadvertent failure to file the Motion to Dismiss as the lead document in the docket entry would be the basis for an order that the motion was neither properly filed or noticed. Nick Decl., ¶ 4; *compare* Dkt. No. 6 (minute order deeming State's Motion to Dismiss not properly filed or noticed), *with* Dkt. No. 8 (providing notice to Plaintiff that it needed to re-file its Request for Entry of Default). The State's counsel attempted to file the Motion to Dismiss as the lead docket entry, but could not locate a filing option in the CM/ECF system that would allow the Motion to Dismiss to be filed as the lead document. Nick Decl., ¶ 3. The State timely filed all the necessary components of the Motion

to Dismiss (notice of motion, motion, accompanying brief, supporting declaration, and request for judicial notice attaching supporting evidence), in compliance with Local Rule 230, as attachments to Docket Entry No. 4. Typically, when a motion is defectively noticed, the Clerk provides notice to the moving party and advises of the next available dates and times for proper notice. L.R. 230. The State received no such notice prior to the Magistrate Judge's minute order deeming the Motion improperly filed and noticed. Dkt. No. 6; Nick Decl., ¶ 4.

The way the State filed its Motion to Dismiss was not a conscious decision to not respond, nor was it a delay tactic, strategic maneuver, or other act of bad faith. *Mesle*, 615 F.3d at 1092; *TCI Group*, 244 F.3d at 697-98. If anything, the State's conduct constitutes mistake and/or excusable neglect, in that the State made every effort to timely and properly file its Motion to Dismiss, and would have successfully done so but for a technical filing error made during the process of filing the documents through the CM/ECF filing system. *See Panis v. Mission Hills Bank* (10th Cir. 1995) 60 F.3d 1486, 1494 (technical pleading mistakes, including late filings, may be treated as mistake, inadvertence, or excusable neglect); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (excusable neglect encompasses the failure to comply with a filing deadline because of negligence).

Additionally, the State promptly notified Plaintiff on March 17, 2026 that the State intended to file a Motion for Administrative Relief deeming that the State's Motion to Dismiss had been filed on February 27, 2026, to which Plaintiff's counsel responded that Plaintiff would consider agreeing to relieving the State from default if the State "work[ed] out the filing of an application to cure [the] untimely motion to dismiss with the Court." Nick Decl., ¶ 7. The State then promptly filed the instant motion within a week after the Clerk of the Court entered default. "Such diligence is wholly inconsistent with a finding that any delay was willful, deliberate or in bad faith." *Black v. Stafford*, No. CIV. S-10-567 FCD, 2011 WL 3925066, at *3 (E.D. Cal. Sept. 7, 2011) (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)); *Safeco Ins. Co. of Am. v. Pederson*, No. 1:24-CV-01299-CDB, 2025 WL 711185, at *2 (E.D. Cal. Mar. 5, 2025).

## II.   THE STATE HAS MERITORIOUS DEFENSES TO PLAINTIFF'S CLAIMS

Regarding the second factor, the State has demonstrated that it has meritorious defenses to Plaintiff's lawsuit. The "meritorious defense" requirement is "not extraordinarily heavy," and in fact is "minimal." *Mesle*, 615 F.3d at 1094. All that a party seeking relief from default must do to satisfy this factor is to "allege sufficient facts that, if true, would constitute a defense." *Id.* (quoting *TCI Group*, 244 F.3 at 700). The State reincorporates by reference here each of the arguments made in its Motion to Dismiss. As set forth in the State's Motion to Dismiss, Plaintiff has failed to allege facts to support a claim against the State, the sole defendant in the action, and Plaintiff's causes of action do not establish an actual controversy or subject matter jurisdiction, nor are they ripe for adjudication. Dkt. No. 4-1, 9-29.

Additionally, even if the Court were to deny the Motion to Dismiss, in whole or in part, the State has meritorious defenses to Plaintiff's claims because Plaintiff's interpretation of Senate Bill 237 (the law upon which Plaintiff's claims are based) is not reliant on definitions set forth in federal law, Senate Bill 237 would apply to the pipelines at issue, and Senate Bill 237 is not preempted.[3] Specifically regarding Plaintiff's first cause of action, the plain language meaning of the terms "idle," "inactive" and "out of service" in Senate Bill 237 belie Plaintiff's contention that these terms may somehow be contorted to mean that the pipelines have been "active" for the past five years. Indeed, Plaintiff's predecessor signed on to a Consent Decree, entered in the U.S. District Court for the Central District of California, Case No. 2:20-cv-02415, which referred to the pipelines as "not in service," meaning the pipelines have not been used. Declaration of Isabella A. Panicucci ("Panicucci Decl."), ¶ 3, Exh. A, pp. 90, 99-100. As to Plaintiff's second cause of action for preemption, it is important to note that Senate Bill 237 involves new and amended statutes, only two of which are at issue in this matter. The two statutes at issue pose different preemption issues and therefore must be analyzed separately. For example, even if federal law preempts state law as to the technical requirements regarding pipeline safety testing in Government Code section 51014.1 (which the State disputes), Plaintiff has failed to articulate a

---

[3] To the extent the State's meritorious defenses are based on legal argument as opposed to facts, the State will describe those defenses in the body of this motion as opposed to a supporting declaration.

basis for preemption as to the requirement to obtain a coastal development permit under Senate Bill 237's amendment to Public Resources Code section 30262.[4] Further, preemption issues are currently being considered by the United State Court of Appeals for the Ninth Circuit, Case No. 26-508. Panicucci Decl., ¶ 4, Exh. B.

Given the low burden required to demonstrate a meritorious defense, the State has satisfied the factor of demonstrating that it has a meritorious defense.

### III.   PLAINTIFF WILL NOT FACE PREJUDICE IF DEFAULT IS SET ASIDE

In determining whether a plaintiff would face prejudice if default were set aside, the standard is whether plaintiff's ability to pursue its claim will be hindered. *Falk v. Allen*, 739 F.2d at 463. Here, Plaintiff will suffer no prejudice with respect to its ability to pursue its claims. Setting aside a default is considered prejudicial if it would "result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). Plaintiff's First Amended Complaint asserts two causes of action, both for declaratory relief. The case is in its infancy, the pleadings are not yet settled, and discovery has not commenced. The State attempted to file its Motion to Dismiss, but Plaintiff's ability to oppose is clearly unhindered, as it was able to file a timely opposition on March 13, 2026. Dkt. No. 5. Apart from motions related to the State's attempt to file the Motion to Dismiss, no other substantive matters in the case have been scheduled apart from the initial scheduling conference set for May 19, 2026. Setting aside default and allowing the case to proceed after a minor delay will not harm Plaintiff's ability to litigate its claims and pursue the relief it seeks. *See TCI Group*, 244 F.3d at 701 ("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits"); *Safeco Ins. Co. of Am. v. Pederson*, No. 1:24-CV-01299-CDB, 2025 WL 711185, at *3 (E.D. Cal. Mar. 5, 2025). Furthermore, setting aside default is in line with judicial policy favoring deciding cases

---

[4] Plaintiff's response to the State's Motion to Dismiss also contemplates relief to file a second amended complaint to allege new claims and add new defendants, but as Plaintiff did not provide a copy of a proposed amended complaint, the State is unable to address the merits of such potential new claims.

8

on the merits. *United States v. Aguilar*, 782 F.3d 1101, 1106 (9th Cir. 2015) (citing *Falk*, 739 F.2d at 463).

## CONCLUSION

For the reasons above, the State respectfully requests that the Court grant this motion and set aside the Clerk's entry of default.

Dated:  March 25, 2026                     Respectfully submitted,

ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
JACK C. NICK
Deputy Attorney General

ISABELLA A. PANICUCCI
Deputy Attorney General
*Attorneys for Defendant*
*State of California*

SA2025306665
39722694

# CERTIFICATE OF SERVICE

Case Name:    **Pacific Pipeline Company, A**                    No.    **1:26-CV-01486-KES-CDB**
**Delaware Corporation v. State**
**of California**

I hereby certify that on <u>March 25, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE OF CALIFORNIA'S MOTION TO SET ASIDE DEFAULT (FRCP 55(c))**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 25, 2026</u>, I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

Garrett B. Stanton
ALSTON & BIRD
<u>garrett.stanton@alston.com</u>

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 25, 2026</u>, at Sacramento, California.


Antinia Brown
Declarant

Signature

SA2025306665
39728234