**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100

**PAUL HASTINGS LLP**
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:  (310) 620-5879
Facsimile:  (310) 620-5899

Attorneys for Plaintiff
PACIFIC PIPELINE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### METROPOLITAN DIVISION

| | |
|---|---|
| PACIFIC PIPELINE COMPANY, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, a state government; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. 1:26-CV-01486-KES-CDB <br><br> (*Originally filed as Case No. BCV-25-103508*) <br><br> **PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [*Filed concurrently with Declaration of Jeffrey D. Dintzer*] <br><br> Date:     May 11, 2026 <br> Time:     1:30 p.m. <br> Location: Courtroom 6 <br> Judge:    Hon. Kirk E. Sherriff <br><br> Complaint Filed: September 29, 2025 |

- 1 -
PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 11, 2026, at 1:30 p.m. or as soon as thereafter as the matter may be heard, in Courtroom 6 of the Robert E. Coyle United States Courthouse located at 2500 Tulare Street in Fresno, California 93721, Plaintiff Pacific Pipeline Company ("Plaintiff") will move for leave to file its Second Amended Complaint, attached to the concurrently filed Declaration of Jeffrey D. Dintzer as Exhibit H. The motion will be and hereby is based on this notice, the memorandum of points and authorities in support of the motion, Declaration of Jeffrey D. Dintzer, Federal Rule of Civil Procedure 15(a)(2), the files and records in this action, and any further evidence and argument that the Court may receive at or before the hearing.

Counsel for moving Plaintiff met and conferred in good faith with Defendant State of California to obtain its consent for Plaintiff to file its Second Amended Complaint. Counsel for Defendant indicated it would not consent to the filing of Plaintiff's Second Amended Complaint.

Respectfully submitted,

DATED: April 10, 2026          **ALSTON & BIRD LLP**

By: /s/ *Jeffrey D. Dintzer*
　　JEFFREY D. DINTZER
　　Attorney for Plaintiff
　　PACIFIC PIPELINE
　　COMPANY

- 2 -
PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 6

I.    INTRODUCTION ................................................................................................ 6

II.   FACTUAL BACKGROUND ................................................................................ 7

III.  PROCEDURAL HISTORY .................................................................................. 9

IV.   RULE 15(a)(2) PROVIDES LEAVE TO AMEND SHOULD BE "FREELY
      GIVEN" WHEN JUSTICE SO REQUIRES ........................................................ 9

V.    JUSTICE REQUIRES PLAINTIFF BE GRANTED LEAVE TO FILE A SAC ............ 10

VI.   CONCLUSION .................................................................................................. 14

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arizona Students' Ass'n v. Arizona Bd. of Regents*,
    824 F.3d 858 (9th Cir. 2016) ................................................................................13, 14

*DCD Programs, Ltd. v. Leighton*,
    833 F.2d 183 (9th Cir. 1987) ..............................................................................10

*Embury v. King*,
    361 F.3d 562 (9th Cir. 2004) ..............................................................................12

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................................10

*Foman v. Davis*,
    371 U.S. 178 (1962).........................................................................................9, 10

*Genentech, Inc. v. Abbott Labs.*,
    127 F.R.D. 529 (N.D. Cal. 1989)........................................................................10

*Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*,
    648 F.2d 1252 (9th Cir. 1981) ............................................................................10

*Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*,
    761 F.2d 1386 (9th Cir. 1985) ............................................................................10

*Lapides v. Bd. of Regents of Univ. Sys. of Georgia*,
    535 U.S. 613 (2002)............................................................................................12

*Larios v. Nike Retail Servs.*,
    No. 11-cv-1600, 2013 WL 4046680 (S.D. Cal. Aug. 9, 2013)...........................10

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)............................................................................................14

*SAES Getters S.p.A. v. Aeronex, Inc.*,
    219 F. Supp. 2d 1081 (S.D. Cal. 2002)...............................................................11

*Walden v. Nevada*,
    945 F.3d 1088 (9th Cir. 2019) ............................................................................12

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971)..............................................................................................9

**FEDERAL STATUTES**

49 U.S.C. §§ 60101 *et seq.*...............................................................................................8

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT

**STATE STATUTES**

Government Code § 51010, *et seq.* ........................................................................................7

Government Code § 51014.1 ..............................................................................................6, 7

Pub. Res. Code § 30262 ................................................................................................6, 7, 11

Pub. Res. Code § 30262(b)(2).................................................................................................8

Pub. Res. Code § 30262(b)(3).................................................................................................8

**RULES**

Fed. R. Civ. P. 12 ....................................................................................................................7

Fed. R. Civ. P. 15(a) .............................................................................................................10

Fed. R. Civ. P. 15(a)(2) ................................................................................................7, 9, 10

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Court should grant Plaintiff Pacific Pipeline Company ("Plaintiff") leave to file its Second Amended Complaint ("SAC"), attached hereto as Exhibit H.

The California Coastal Commission's ("Commission") February 18, 2026 and March 19, 2026 letters to Plaintiff make clear that the Commission, as well as California Department of Forestry and Fire Protection, Office of State Fire Marshal, and Daniel Berlant (collectively "CalFire"), intend to imminently enforce the requirements of Section 51014.1 of the Government Code and Section 30262 of the California Coastal Act, as added and amended by Senate Bill 237 ("SB 237), against Plaintiff as the owner of Segments CA-324 and CA-325 of the interstate Santa Ynez Pipeline System. Declaration of Jeffrey D. Dintzer ("Dintzer Decl.") at ¶¶ 10, 15, Exs. A & E.

As an initial matter, SB 237 has been preempted by the Secretary of Energy's March 13, 2026 Defense Production Act Order ("DPA Order"). *Id.* at ¶ 12, Exhibit C. Segments CA-324 and CA-325 are currently transporting petroleum pursuant to the DPA Order and approvals issued and safety oversight provided by the federal Pipeline and Hazardous Materials Safety Administration ("PHMSA").

As alleged in the SAC, SB 237 does not apply to Plaintiff, is preempted by the DPA Order as well as the Pipeline Safety Act, constitutes a bill of attainder[1] and several constitutional violations, and requires prospective injunctive relief against all proposed defendants, including the Defendant State of California ("State"), the

---

[1] California State Assemblymember Gregg Hart has been outspoken about SB 237's purpose to specifically stymie Plaintiff's business operations. Dintzer Decl. at ¶ 16, Ex. F. The State also acknowledges SB 237 was aimed directly at Plaintiff's business operations. *See* ECF No. 20 [State's Motion to Dismiss], p. 2 ("That legislation [SB 237] was enacted with the Las Flores Pipelines specifically in mind.").

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

proposed defendants Commission, and CalFire, and damages against all proposed defendants for inverse condemnation. Dintzer Decl. at ¶ 18, Ex. H.

Prior to filing this Motion, Plaintiff sought the State's consent to file the SAC. The State refused to stipulate, indicating it would only "allow [Plaintiff]" to pursue "some of the claims as against certain defendants," and premising its dispute on the merits of Plaintiff's proposed additional claims. *Id.* at ¶ 17, Ex. G. Plaintiff did not ask the State to waive any of its own defenses or those of the additional proposed defendants, and indicated the merits of the additional claims could be separately addressed under Rule 12. Under Rule 15(a)(2), Plaintiff should be permitted to allege and receive a disposition on the merits of its claims against the State, the Commission, and CalFire for declaratory relief, injunctive relief, and damages. A copy of the SAC redlined to reflect the changes from the current First Amended Complaint is attached as Exhibit I. Dintzer Decl. at ¶ 19, Ex. I.

## II.    FACTUAL BACKGROUND

SB 237 was enacted by the California legislature and signed into law by Governor Gavin Newsom in September 2025. FAC at ¶ 38; Stats.2025, c. 118 (SB 237), eff. Jan. 1, 2026. SB 237, which became effective January 1, 2026 (FAC at ¶ 54), adds Government Code section 51014.1 to the Elder California Pipeline Safety Act of 1981 (California Pipeline Safety Act, Government Code section 51010, *et seq.*) and amends section 30262 of the California Public Resources Code (California Coastal Act). FAC at ¶¶ 39-40.

Government Code section 51014.1 states in part, "[a]ny existing oil pipeline that is six inches or larger that has been idle, inactive, or out of service for five years or more, shall not be restarted without passing a spike hydrostatic testing program." FAC at ¶ 39.

SB 237 also amended Public Resources Code section 30262 to provide, in relevant part:

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

(2) Repair, reactivation, and maintenance of an oil and gas facility, including an oil pipeline, that has been idled, inactive, or out of service for five years or more shall be considered a new or expanded development requiring a new coastal development permit.

(3) Development associated with the repair, reactivation, or maintenance of an oil pipeline that has been idled, inactive, or out of service for five years or more requires a new coastal development permit consistent with this section. (Pub. Res. Code §§ 30262(b)(2) and (3)).

FAC at ¶ 40.

The Santa Ynez Pipeline System is subject to the federal Hazardous Liquid Pipeline Safety Act ("Pipeline Safety Act") administered by the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). *Id.* at ¶ 42; *see* 49 U.S.C. §§ 60101 *et seq.* On December 17, 2025, PHMSA determined that the Santa Ynez Pipeline System is an interstate pipeline under PHMSA's exclusive jurisdiction. FAC at ¶ 42. In making its determination, PHMSA confirmed that it considers the Santa Ynez Pipeline System to be an "active" pipeline under PHMSA regulations. *Id.* at ¶ 10; *see also id.*, Ex. B, p. 3, fn. 8. As alleged in Plaintiff's First Amended Complaint (and as will remain alleged in the SAC), the State has taken the position that Segments CA-324 and CA-325 of the Santa Ynez Pipeline System have been "idled, inactive, or out of service for five years or more" and, therefore, repair, reactivation, maintenance, and development associated with the Santa Ynez Pipeline System would require a new Coastal Development Permit ("CDP") under SB 237.

The Senate Rules Committee digest for SB 237 makes clear that SB 237 is intended to apply to the Santa Ynez Pipeline System. *Id.* at ¶ 48. The Commission,

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

carbon-copying CalFire, sent Plaintiff a letter on February 18, 2026, detailing the Commission's intent to enforce SB 237 to prevent Plaintiff's business operations from proceeding. Dintzer Decl. at ¶ 10, Ex. A. Then on March 19, 2026, the Commission, again carbon-copying CalFire, sent Plaintiff a further letter explaining that "any reactivation of the Pipelines is unpermitted development and would be grounds for further enforcement action by the Commission." *Id.* at ¶ 15, Ex. E. Likewise, California State Assemblymember Gregg Hart has been outspoken about SB 237's aim and championed SB 237 to the public as legislation passed to specifically stymie Plaintiff's business operations. Dintzer Decl. at ¶ 16, Ex. F.

## III.   PROCEDURAL HISTORY

On September 29, 2025, Plaintiff filed this action in the California Superior Court for the County of Kern. The State attempted to transfer venue to the Superior Court for the County of Santa Barbara on December 5, 2025. On January 21, 2026, Plaintiff amended the complaint to raise a federal preemption claim in light of PHMSA's assumption of exclusive jurisdiction over the Santa Ynez Pipeline System and PHMSA's determination that it is an interstate pipeline system. On February 3, 2026, the Superior Court for the County of Kern denied the State's motion to transfer venue. On February 20, 2026, the State removed this action to this Court. On March 30, 2026, the State filed its motion to dismiss, currently scheduled to be heard on June 15, 2026. *See* ECF No. 20.

## IV.   RULE 15(a)(2) PROVIDES LEAVE TO AMEND SHOULD BE "FREELY GIVEN" WHEN JUSTICE SO REQUIRES

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a complaint "shall be freely given when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). Although the court has the discretion to grant or deny a request for leave to file an amended pleading (*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)), in deciding whether to grant such leave, the court should be guided

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

by the strong policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). In fact, "[t]he Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F.R.Civ.P., by freely granting leave to amend," since "[t]he purpose of pleadings is to facilitate a proper disposition on the merits." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*, 648 F.2d 1252, 1254 (9th Cir. 1981) (internal quotations omitted).

The party opposing the granting of leave bears the burden of demonstrating why leave to amend should not be granted. *See Larios v. Nike Retail Servs.*, No. 11-cv-1600, 2013 WL 4046680, at *2-3 (S.D. Cal. Aug. 9, 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)). In determining whether to permit leave to amend, the court generally considers the existence of four factors: (1) futility of amendment; (2) prejudice to the opposing party; (3) bad faith; and (4) undue delay. *See DCD Programs, Ltd.*, 833 F.2d at 186. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors [including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed … futility of amendment, etc."], there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## V.   **JUSTICE REQUIRES PLAINTIFF BE GRANTED LEAVE TO FILE A SAC**

Good cause exists for the Court to allow Plaintiff to amend its complaint. There is no futility, prejudice, undue delay, bad faith, or dilatory motive by Plaintiff. All of the factors courts consider under Rule 15(a)(2) weigh in favor of permitting

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff to file a SAC. Therefore, Plaintiff respectfully requests the Court grant leave to file the SAC in the form attached hereto as Exhibit H.

First, the proposed amendment is not futile. On February 18, 2026, the Commission expressed that it has "independent authority over any resumption of use of [Segments CA-324 and CA-325]" and will require Pacific Pipeline Company to "apply for and receive a CDP from the Commission that meets the standards of Section 30262" as amended by SB 237. Dintzer Decl. at ¶ 10, Ex. A. On March 19, 2026, the Commission further explained its position that "[a]s of January 1, 2026, the Pipelines had been idled, inactive, and out of service for more than five years," and "Sable has not obtained a new Coastal Development Permit for reactivation of the Pipelines. Thus, any reactivation of the Pipelines is unpermitted development and would be grounds for further enforcement action by the Commission." *Id.* at ¶ 15, Ex. E. Similarly, on March 16, 2026, State Fire Marshal Berlant notified Sable that "OSFM reserves all rights to enforcement action if operations on Lines 324 and/or 325 re-commence without a valid State Waiver" issued by OSFM. *Id.* at ¶ 14, Ex. D.

However, on March 13, 2026, the Secretary of Energy, under the power delegated to him from the President of the United States, issued the DPA Order commanding Sable and Pacific Pipeline Company to immediately transport oil through Segments CA-324 and CA-325. *Id.* at ¶ 12, Ex. C. As such, Plaintiff now seeks to allege that the State, the Commission, and CalFire, have been preempted from enforcing the requirements set forth by SB 237, and that SB 237 violates the California Constitution and Constitution of the United States. As all factual allegations are presumed true on a motion seeking leave to amend, *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1096 (S.D. Cal. 2002), Plaintiff's proposed SAC states claims for declaratory relief and injunctive relief, violation of

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

prohibition of bills of attainder, constitutional violations, and inverse condemnation. Amendment is therefore not futile.

*Second*, Plaintiff's proposed SAC will not prejudice the State or the new proposed defendants (the Commission and CalFire). The proposed amendment arises from the same controversy concerning the applicability of SB 237, as it augments Plaintiff's original claims concerning SB 237's legality and application. The proposed amendment also adds additional defendants that have now imminently threatened the enforcement of SB 237 in violation of the DPA Order and the federal Pipeline Safety Act.

Even more, providing Plaintiff leave to amend does not prevent the State, the Commission, or CalFire from challenging Plaintiff's proposed additional claims on the merits, and as the State removed this action from Kern County Superior Court, the State has waived its sovereign immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002); *see also Walden v. Nevada*, 945 F.3d 1088, 1094 (9th Cir. 2019) ("[A] State defendant that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, including those claims that Congress failed to apply to the States through unequivocal and valid abrogation of their Eleventh Amendment immunity."); *see Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004) (applying this rule equally to state and federal claims). The Commission and CalFire share an unmistakable unity of interest with the State in the application of SB 237[2] as they are the state agencies holding "primary roles in the potential enforcement of SB 237" for the State (*see* ECF No. 20 [State's Motion to Dismiss], p. 10, fn. 6), and Plaintiff may plead for "prospective injunctive relief

---

[2] Indeed, the State, Commission, and CalFire are represented by common counsel, the California Attorney General.

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

against state officials to remedy a state's ongoing violation of federal law." *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).[3]

*Third*, Plaintiff did not unduly delay in seeking the proposed amendment. This case is still in its infancy, as it was originally filed in the Superior Court for the County of Kern on September 29, 2025, and the merits of Plaintiff's claims have not been subject to adjudication.

On January 21, 2026, Plaintiff amended its Complaint following PHMSA's December 17, 2025, determination that the Santa Ynez Pipeline System is an interstate pipeline under its exclusive pipeline safety jurisdiction. FAC at ¶ 10. In making its determination, PHMSA confirmed that under its regulations the Santa Ynez Pipeline System is considered an "active" pipeline. *Id.* Since assuming jurisdiction over the Santa Ynez Pipeline System, PHMSA approved Plaintiff's Restart Plan for Segments CA-324 and CA-325 on December 22, 2025, and issued Plaintiff an Emergency Special Permit with respect to Segments CA-324 and CA-325 on December 23, 2025. *Id.*

The State sought first to transfer venue to the Superior Court for the County of Santa Barbara, which was denied on February 3, 2026. Dintzer Decl. at ¶¶ 6, 8. Thereafter, the State removed this action on February 20, 2026, based on Plaintiff's federal preemption claim grounded in the federal Pipeline Safety Act (which remains intact), and the State only recently filed its Motion to Dismiss on March 30, 2026. *See id.* at ¶ 9; *see also* ECF No. 20. Further, Plaintiff provided the State with a copy of its proposed SAC on March 26, 2026, and the State informed Plaintiff on April 3, 2026, it "may be willing [to allow Plaintiff] to file a second amended complaint to

---

[3] As it was the State that removed this action to avail itself to this Court's jurisdiction – not Plaintiff's attempt to bring the State, Commission, or CalFire to federal court – the State is free to remand this action back to the Superior Court for County of Kern if they do not wish to benefit from the Eastern District for the State of California's jurisdiction. However, the State's efforts to forum shop cannot serve as a basis to prevent any of Plaintiff's claims against the proposed defendants.

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

include some of the claims as against certain defendants….” Dintzer Decl. at ¶¶ 17, 20.

*Fourth*, Plaintiff files its motion in good faith. Only after the Commission and CalFire threatened imminent enforcement of SB 237 and the DPA Order commanded Plaintiff to immediately transport oil through Segments CA-324 and CA-325 did Plaintiff seek leave to amend its action to include those state agencies. *See* Dintzer Decl., at ¶¶ 10, 15, Exs. A & E. The threatened enforcement of SB 237 and the issuance of the DPA Order confirm it is now ripe and proper to join the Commission and CalFire as parties to this case. *See Arizona Students' Ass'n*, 824 F.3d at 867-68; *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007) (“[W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat”).

## VI.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its Motion be granted and it be permitted to file its Second Amended Complaint, in the form lodged concurrently with this Motion. *See* Dintzer Decl. at ¶ 18, Ex. H.

Respectfully submitted,

DATED:  April 10, 2026                **ALSTON & BIRD LLP**

By: /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER

Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

I certify that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, 10th day of April, 2026.

By: /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER
Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

- 15 -
PLAINTIFFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT