**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100

**PAUL HASTINGS LLP**
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:   (310) 620-5879
Facsimile:   (310) 620-5899

Attorneys for Plaintiff
PACIFIC PIPELINE COMPANY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## METROPOLITAN DIVISION

| | |
|---|---|
| PACIFIC PIPELINE COMPANY, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, a state government; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 1:26-CV-01486-KES-CDB<br><br>(*Originally filed as Case No. BCV-25-103508*)<br><br>**DECLARATION OF JEFFREY D. DINTZER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>[*Filed concurrently with Plaintiff's Notice of Motion and Motion for Leave to File Second Amended Complaint; Memorandum of Points and Authorities*]<br><br>Date:       May 11, 2026<br>Time:       1:30 p.m.<br>Location:   Courtroom 6<br>Judge:      Hon. Kirk E. Sherriff |

DECLARATION OF JEFFREY D. DINTZER

## <u>DECLARATION OF JEFFREY D. DINTZER</u>

I, Jeffrey D. Dintzer, state and declare as follows:

1.     I am an attorney licensed to practice law before all courts in the State of California, and am a partner at the law firm of Alston & Bird LLP, and a counsel of record in this case for Plaintiff Pacific Pipeline Company ("PPC"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them.

2.     I am familiar with the case files for this matter, which are kept and maintained at my shared direction in a secure electronic file management system at the offices of Alston & Bird LLP, which is maintained by various attorneys, legal assistants, and other employees at the firm.

3.     In preparing this declaration, others at my direction retrieved the true and correct copies of the documents described below and prepared them for inclusion in my declaration.

4.     I offer this declaration in support of Plaintiff Pacific Pipeline Company's Motion for Leave to File Second Amended Complaint.

5.     Plaintiff filed this action in the Superior Court for the County of Kern on September 29, 2025.

6.     On December 5, 2025 Defendant State of California (the "State") moved to transfer venue to the Superior Court for the County of Santa Barbara.

7.     Plaintiff filed its First Amended Complaint in the Superior Court for the County of Kern on January 21, 2026.

8.     On February 3, 2026, the Superior Court for the County of Kern denied the State's motion to transfer venue.

9.     The State removed this action to this Court on February 20, 2026.

10.     On February 18, 2026, the Executive Director of the California Coastal Commission (the "Commission") sent a letter to Sable Offshore Corporation

1

DECLARATION OF JEFFREY D. DINTZER

("Sable"), of which Plaintiff is a wholly-owned subsidiary, notifying Sable it would need to "apply for and receive a CDP [coastal development permit] from the Commission that meets the standards of Section 30262" pursuant to SB 237. The Director of CalFire was copied on the Commission's February 18, 2026 letter. I received a copy of the Commission's February 18, 2026 letter from Sable and electronically stored it on my firm's secure electronic file management system. Attached hereto as **Exhibit A** is true and correct copy of the Commission's February 18, 2026 letter, which I have reviewed before signing this declaration.

11.    On March 13, 2026, the President of the United States issued an Executive Order entitled "Adjusting Certain Delegations Under the Defense Production Act," which delegates certain authorities of the President under the Defense Production Act (50 U.S.C. 4501 et seq.) to the Secretary of Commerce and Secretary of Energy. I accessed the Executive Order from the White House's official website, and it is available at: https://www.whitehouse.gov/presidential-actions/2026/03/adjustingcertain-delegations-under-the-defense-production-act/. I downloaded a copy of the President's March 13, 2026 Executive Order and electronically stored it on my firm's secure electronic file management system. Attached hereto as **Exhibit B** is a true and correct copy of the President's March 13, 2026 Executive Order entitled "Adjusting Certain Delegations Under the Defense Production Act[,]" which I reviewed before signing this declaration.

12.    On March 13, 2026, the United States Secretary of Energy, at the direction of the President of the United States, commanded Sable to commence the flow of oil through the Santa Ynez Pipeline System pursuant to the Defense Production Act (the "DPA Order"). The DPA Order directs Sable "to immediately prioritize and allocate pipeline transportation services for hydrocarbons from the SYU [Santa Ynez Unit] through the SYPS [Santa Ynez Pipeline System]" and "immediately commence performance under contracts or orders for services… for

2

DECLARATION OF JEFFREY D. DINTZER

hydrocarbon transportation capacity in the SYPS[.]" (Ex. C at p. 3.) The DPA Order further requires Sable to "comply with this order immediately and maintain such compliance until such time as the conditions necessitating the issuance of this order abate or until Sable is directed otherwise." (*Id.*) The DPA Order finds the "[a]n affordable and reliable domestic supply of energy is a fundamental requirement for the national and economic security of any nation" and these "problems are most pronounced in our Nation's West Coast, 'where dangerous State and local policies jeopardize our Nation's core national defense and security needs, and devastate the prosperity of not only local residents but the entire United States population.'" (*Id.* at p. 1.) The DPA Order further finds that the Santa Ynez Pipeline System is a "critical energy resource on the West Coast" but "cannot be used to address the shortages identified in EO 14156 and the resulting vulnerabilities, including adversarial dependence" because "California agencies have deployed an array of state measures—including SB 237" … "to block pipeline operations." (*Id.* at p. 2.) I downloaded a copy of the DPA Order from the Department of Energy's website and electronically stored it on my firm's secure electronic file management system. Attached hereto as **Exhibit C** is a true and correct copy of the DPA Order, which I reviewed before signing this declaration.

13. On March 14, 2026, Sable resumed the transportation of hydrocarbons produced at the Santa Ynez Unit through the Santa Ynez Pipeline System under the supervision of the federal Pipeline and Hazardous Materials Safety Administration in accordance with the DPA Order.

14. On March 16, 2026, State Fire Marshal Daniel Berlant notified Sable that "OSFM reserves all rights to enforcement action if operations on Lines 324 and/or 325 re-commence without a valid State Waiver" issued by OSFM. Attached hereto as **Exhibit D** is a true and correct copy of State Fire Marshal Daniel Berlant's March 16, 2026 letter, which I have reviewed before signing this declaration.

3

DECLARATION OF JEFFREY D. DINTZER

15.     On March 19, 2026, the Executive Director of the Commission sent a letter to Sable stating "Sable has not obtained a new Coastal Development Permit for reactivation of the Pipelines" and "any reactivation of the Pipelines is unpermitted development and would be grounds for further enforcement action." The Director of CalFire was copied on the Commission's March 19, 2026 letter. I received a copy of the Commission's March 19, 2026 letter from Sable and electronically stored it on my firm's secure electronic file management system. Attached hereto as **Exhibit E** is true and correct copy of the Commission's March 19, 2026 letter, which I have reviewed before signing this declaration.

16.     California State Assemblymember Gregg Hart has been outspoken about SB 237's aim and championed SB 237 to the public as legislation passed to specifically stymie Plaintiff's business operations. In a September 19, 2025 article published in the Santa Barbara Independent, State Assemblymember Hart is quoted as saying with reference to SB 237, "This is a different situation and a different time with a different project that deserves full environmental review … So I introduced a bill that would really codify the existing law. The Coastal Commission has the authority to do this now, but it's under dispute. Sable has contested that jurisdiction…. So my bill simply clarified that jurisdictional authority for the Coastal Commission." I downloaded a copy of the September 19, 2025 Santa Barbara Intendent article titled "Gregg Hart's Sable Oil Pushback Bill Lands in Gov's Grand Bargain Enviro Deal" from the Santa Barbara Independent's website. Attached hereto as **Exhibit F** is a true and correct copy of the September 19, 2025 article in the Santa Barbara Independent titled "Gregg Hart's Sable Oil Pushback Bill Lands in Gov's Grand Bargain Enviro Deal," which I have reviewed before signing this declaration.

17.     On March 26, 2026, my office sent an email to counsel for Defendant State of California enclosing a draft of Plaintiff's proposed Second Amended

4

DECLARATION OF JEFFREY D. DINTZER

Complaint and requesting Defendant's consent for the amendment. On April 3, 2026, counsel for Defendant responded that "The State may be willing to stipulate to allow your client to file a second amended complaint to include some of the claims as against certain defendants, but further discussion is necessary." Attached as **Exhibit G** is a true and correct copy of the email correspondence between my office and counsel for Defendant, which I have reviewed before signing this declaration.

18.    Attached as **Exhibit H** is a true and correct copy of Plaintiff's proposed Second Amended Complaint.

19.    Attached as **Exhibit I** is a true and correct copy of a redline of Plaintiff's proposed Second Amended Complaint compared to Plaintiff's operative First Amended Complaint.  The redline displays the amendments Plaintiff seeks to make to the operative First Amended Complaint.

20.    On April 6, 2026, I telephonically met and conferred with counsel for Defendant State of California in good faith to obtain its consent to file Plaintiff's Second Amended Complaint. Counsel for Defendant indicated it would not consent to the filing of Plaintiff's Second Amended Complaint.

I declare under penalty of perjury under the United States of America that the foregoing is true and correct. Executed this 10th day of April, 2026, in Los Angeles, California.

DATE: April 10, 2026                    /s/ *Jeffrey D. Dintzer*

                                             Jeffrey D. Dintzer

5

DECLARATION OF JEFFREY D. DINTZER

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2026, I electronically filed the foregoing **DECLARATION OF JEFFREY D. DINTZER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

I certify that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, 10th day of April, 2026.


By:  /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER

Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

6

DECLARATION OF JEFFREY D. DINTZER