ROB BONTA
Attorney General of California
BRANDON S. WALKER
Supervising Deputy Attorney General
JACK C. NICK (State Bar No. 160196)
ISABELLA A. PANICUCCI (State Bar No. 318984)
Deputy Attorneys General
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone:  (916) 210-7662
  Fax:  (916) 327-2319
  E-mail:  Isabella.Panicucci@doj.ca.gov
*Attorneys for Defendant*
*State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

<table>
<tr><td>

**Pacific Pipeline Company, A Delaware Corporation,**

Plaintiff,

v.

**State of California and DOES 1 through 25,**

Defendant.

</td><td>

1:26-CV-01486-KES-CDB

**DEFENDANT STATE OF CALIFORNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Date:          June 15, 2026
Time:          1:30 p.m.
Courtroom:     6 [7th Floor]
Judge:         The Honorable Kirk E. Sherriff
Trial Date:    None Set
Action Filed:  September 29, 2025

</td></tr>
</table>

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's broad-strokes opposition to the State's motion to dismiss falls apart on analysis. First, the State is an improperly named defendant, as shown by legal authority Plaintiff has ignored and by Plaintiff's acknowledgement that California agencies are responsible for enforcement of SB 237.

Second, Plaintiff tacitly concedes the State has made no efforts to enforce any of the complex provisions of SB 237 against it and that the only alleged threat to enforce the Act, and not actual enforcement, has been by non-party state agencies, and therefore the matter is not ripe for adjudication.

Third, the statutes at issue that were added or amended by SB 237 do not include any provision for criminal liability, nor has Plaintiff's first amended complaint specified or cited to any other provision of SB 237 that creates or expands criminal liability to which Plaintiff faces a threat of enforcement.

Fourth, Plaintiff points to recent events to argue that the Consent Decree has no preclusive effect with regard to Plaintiff's preemption claim. However, the supposed changes in underlying operative facts that Plaintiff points to, related to the pipelines at issue, do not avoid the preclusive effect of the Consent Decree. The pipelines remain subject to the terms of the Consent Decree, which stipulates that the pipelines are intrastate. A change in the current federal administration's view of the pipelines as interstate does not amount to a change in fact that avoids the preclusive effect of the earlier Consent Decree judgment, and the issue of federal preemption is directly at issue in litigation pending in the Ninth Circuit Court of Appeals.

Finally, Plaintiff represents that it can cure any defects through an amended pleading for which it has filed a motion for leave to amend, but the proposed second amended complaint does not change the allegations as against the State relating to the declaratory relief causes of action in the first amended complaint at issue. (See ECF 22-1, Exh. I.) Accordingly, the deficiencies remain and the motion to dismiss should be granted without leave to amend.

**ARGUMENT**

**I.    THE STATE IS AN IMPROPER DEFENDANT**

Plaintiff contends it has alleged sufficient facts to constitute a cause of action against the State because it has alleged preemption and because the State's authorities are distinguishable. Neither contention has merit.

Plaintiff first contends that the State is a proper defendant any time there is a preemption issue in a matter that would otherwise involve a state agency, citing the decisions in *Purdy & Fitzpatrick v. State*, 71 Cal. 2d 566 (1969), and *Regina v. State of California*, 89 Cal. App. 5th 386 (2023). Neither case supports such contention. In *Purdy & Fitzpatrick*, plaintiffs asserted a constitutional challenge against a California law banning employers from hiring noncitizen workers to carry out public contracts after some of the plaintiffs had been fined for violating the law. Plaintiffs named a host of state agencies and the State Treasurer as defendants, but the only parties to the appeal were two of the plaintiffs on one hand, and the Division of Labor Law Enforcement and the State Treasurer on the other hand. *Purdy & Fitzpatrick*, 71 Cal. 2d at 572. Although an issue on appeal was whether the California law was preempted by federal law, *Purdy & Fitzpatrick* does not hold that the State is a proper defendant. To the contrary, the State is not mentioned at all.[1] It is also of note that the plaintiffs in *Purdy & Fitzpatrick* asserted a constitutional challenge as against the statute, and there had already been an enforcement action by the state agency against the plaintiffs. *Id.* at 570. Plaintiff has not presented a facial constitutional challenge in this case. Instead, it alleges that the Act, as potentially applied to specific pipelines by non-party agencies, is preempted by specific orders issued by a federal agency that only pertain to the specific pipelines.

*Regina* also does not support Plaintiff's position. *Regina*, 89 Cal. App. 5th 386. *Regina* involved a facial constitutional challenge in which the Court found that California law was not preempted by the Second Amendment of the United States Constitution. *Id.* at 407. However, there was no discussion as to whether the State was a proper defendant in *Regina*, and Plaintiff

---

[1] It is not clear from the opinion if the State was ever a defendant, or if it was, whether it had already been dismissed.

Defendant State of California's Reply to Plaintiff's Opposition to Motion to Dismiss (1:26-CV-01486-KES-CDB)

has not asserted a constitutional claim in its first amended complaint.

Plaintiff further failed to address the primary authority requiring dismissal of the State as an improper party, *Templo v. State*, 24 Cal. App. 5th 730 (2018). The *Templo* court held that the California Judicial Council had the "direct institutional interest necessary to defend" a constitutional challenge to the jury fee deposit requirement and that the State was not a proper party. *Id*. at 737. As in *Templo*, the State does not have "direct institutional interest necessary to defend" the action and is accordingly improperly named as a defendant here.

*State v. Superior Court (Veta)*, 12 Cal. 3d 237 (1974), cited in *Templo* as support of its holding that the State must be dismissed as an improper party provides further support the State's position. *Id.* In *Veta*, the Court held that the State was not a proper party to a lawsuit challenging the denial of a permit from the Coastal Commission because the petition did not include any allegations establishing any right to declaratory relief against the State (as distinguished from the Commission). *Veta*, 12 Cal. 3d at 255.

Plaintiff also fails to distinguish other authorities cited in the moving papers. It claims *Serrano v. Priest*, 18 Cal. 3d 728 (1976), is inapposite because the procedural mechanism that brought the matter to the court's attention was different than a dispositive motion. However, *Serrano* was cited favorably in *Templo*, which as noted above involved the dismissal of the State as it was not a proper party. *Templo*, 24 Cal. App. 5th at 737. Therefore, *Serrano* is controlling authority and supports dismissal of the State. As the State is not a proper party, the Motion to Dismiss should be granted.

Fundamentally, Plaintiff's contention that the existence of a preemption issue somehow transforms the State from an improper to proper defendant does not make sense. The State does not suddenly acquire "direct institutional interest" simply because there is a dispute as to applicable law. However, even if that were the rule, it would only apply to Plaintiff's second cause of action. Dismissal of the State from Plaintiff's first cause of action would leave the second cause of action (the preemption claim), which as noted in the moving papers is being litigated by the responsible federal and state agencies in a matter pending in the Ninth Circuit (Case No. 26-508), and is subject to claim preclusion as discussed below. Therefore, the first

cause of action should be dismissed, and the second cause of action should be dismissed or at a minimum stayed pending the outcome of the other proceeding.

**II.    PLAINTIFF FAILS TO SHOW THAT THE MATTER IS RIPE FOR ADJUDICATION**

Plaintiff contends the matter is ripe for adjudication because the California SB 237 legislation on which Plaintiff seeks declaratory relief carries criminal penalties for which a final agency action is not necessary. This argument falls apart on analysis for two critical reasons.

First, Plaintiff fails to cite any part of the SB 237 provisions at issue that carries criminal penalties. . This is important because SB 237 includes a new statute and several amendments to existing statutes, only two of which are at issue in this matter. One of the provisions at issue, Government Code section 51014.1 (see First Amended Complaint, par. 5), requires a hydrostatic test to restart a pipeline that has been idle, inactive or out of service for five years or more. There is no mention of criminal penalties included in this new statute.

The other provision of SB 237 at issue are the amendments to Public Resources Code section 30262 (see First Amended Complaint, par. 6). However, the amendments do not add any criminal penalties. Cal. Pub. Res. Code § 30262, 2025 Amendment. Accordingly, no criminal statutes are at issue in the litigation. Instead, Plaintiff's opposition refers to Government Code section 51018.7 which predates SB 237. It also only relates to the Pipeline Safety Act, not the Coastal Act.

Moreover, Plaintiff concedes that to support its claim for ripeness there has to be a "an actual and well-founded fear that the [criminal] law will be enforced" against it. (Pl. Opp. at 11:8-9). Here, however, Plaintiff does not allege that it has a "well-founded fear" of any criminal penalties as a result of a threat that SB 237 will be enforced against it, because there is no criminal statute at issue, nor any alleged threat of enforcement by the State (as opposed to a state agency).[2] The threats of enforcement Plaintiff identified in its opposition, which were not alleged in the First

---

[2] Indeed, the only alleged threat of enforcement is by the Coastal Commission, which would be enforcing the provisions of SB 237 amending the Coastal Act. (The letter attached as Exhibit B to Plaintiff's Request for Judicial Notice from State Fire Marshal Berlant merely states that OSFM "reserves all rights" to enforce the terms of the Consent Decree or Preliminary Injunction issued by Santa Barbara County Superior Court.) Again, Plaintiff does not allege that the Coastal Act imposes criminal penalties.

Defendant State of California's Reply to Plaintiff's Opposition to Motion to Dismiss (1:26-CV-01486-KES-CDB)

Amended Complaint  do not involve any threat of criminal prosecution.

Second, neither of the two claims Plaintiff asserts in its first amended complaint challenges any criminal statute or penalty. The first seeks a judicial declaration that pipelines CA-324 and CA-325 "have not been idle, inactive or out of service for five years or more" within the meaning of SB 237. The second is based on federal preemption. Neither claim challenges a criminal statute or penalty. Consequently, Plaintiff's claim for ripeness arising from a potential threat of criminal prosecution that has not been pleaded and is not at issue is unavailing.

Plaintiff also claims the matter is ripe for adjudication because the second cause of action is based on federal preemption. However, the cases cited by Plaintiff are inapposite. In *Sail'er Inn*, which involved a facial constitutional challenge to a California law banning women from serving as bartenders, the Court held that in light of the particular "extraordinary circumstances" of the female plaintiffs it would be improper to require exhaustion of administrative remedies. *Sail'er Inn, Inc. v Kirby*, 5 Cal. 3d 1, 4 (1971). Here, the allegations in the first amended complaint do not allege a facial constitutional challenge, and do not present the type of "extraordinary circumstances" of the type at issue in *Sail'er*. Further, exhaustion of administrative remedies is a different analysis than ripeness. *Felder v. Casey*, 487 U.S. 131 (1988), and *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85 (1983), involve federal question and preemption issues, but not ripeness and therefore do not support Plaintiff's argument. Even if there is some relaxation of the rules relating to ripeness of a claim where preemption is at issue, such argument does not address Plaintiff's first cause of action, and as noted above the preemption issue is being adjudicated in the Ninth Circuit.

Plaintiff's preemption argument also underscores the impropriety of naming the State as a defendant. As noted in the moving papers, the statutes at issue potentially involve two state agencies—California Department of Forestry and Fire Protection's Office of the State Fire Marshal ("OSFM") and the California Coastal Commission. These entities—not the State—have direct institutional interest and knowledge to defend against the preemption claim and, therefore, are the agencies with implementation authority pursuant to the two SB 237 provisions at issue.

Defendant State of California's Reply to Plaintiff's Opposition to Motion to Dismiss (1:26-CV-01486-KES-CDB)

**III.    CLAIM PRECLUSION APPLIES TO PLAINTIFF'S PREEMPTION CAUSE OF ACTION**

The pipelines at issue were the subject of the Consent Decree attached to the Request for Judicial Notice as Exhibit B, which Plaintiff acknowledges still applies to the pipelines at issue. *See* RJN, Exh. A, pars. 33-35 [Complaint]. Plaintiff also does not dispute that the terms of the Consent Decree apply to it as a result of its  Assumption Agreement attached as Exhibit K to the State's Request for Judicial Notice. The Assumption Agreement specifically obligated Plaintiff to be "bound by those provisions of the Consent Decree and Appendices B and D.…" RJN, Exh. K.

The Consent Decree designates OSFM as responsible for the administration of its requirements consistent with the designation of the pipelines as intrastate. Plaintiff emphasizes that the state and federal entities were aligned while drafting that Consent Decree, claiming that this alignment meant that the pipeline jurisdiction was not at issue. As noted in the moving papers, preclusive effect is not dependent on whether or not an argument was raised, as long as it could have been raised. *Littlejohn v. U.S.*, 321 F.3d 915, 919-20 (9th Cir. 2003). Plaintiff cites to no authority holding otherwise, and does not contend that the argument regarding federal preemption could not have been raised during negotiation and execution of the Consent Decree, only that it was not raised. Pl. Opp. 14:17. Plaintiff therefore cannot avoid the preclusive effect on such grounds.

Plaintiff further claims there are changed facts to avoid the preclusive effect of the Consent Decree, citing the federal government's changed position on the pipelines' designation from intrastate to interstate and the assertion of federal jurisdiction. However, those are not changed facts, only a change in the agency's conclusion regarding the pipelines. Santa Barbara County Superior Court recently denied two ex parte petitions by Plaintiff and its parent company, Sable Offshore Corporation, asking the court to reconsider its preliminary injunction against restarting the pipelines. The court considered whether federal preemption, based on PHMSA's recent attempt to reclassify the pipelines as interstate and the secretary of energy's order under the Defense Production Act, altered the Consent Decree, which was a primary factual basis for the preliminary injunction. See Supp RJN, Exhs. N, O. On the issue of PHMSA preemption, the court ruled that it "does not find the evidence of subsequent events involving PHMSA and federal

7

Defendant State of California's Reply to Plaintiff's Opposition to Motion to Dismiss (1:26-CV-01486-KES-CDB)

appellate proceedings are sufficient to modify or dissolve the preliminary injunction." Supp. RJN, Exh. N. The Consent Decree presently remains intact and unaltered (despite pending litigation), and consequently there is no change in facts relating to the pipelines that avoid the Consent Decree's preclusive effect on Plaintiff's second cause of action.

Plaintiff also claims that since the litigation involves legislation that was not in effect at the time the Consent Decree was signed that there is no identity of claims. That is not so. The heart of Plaintiff's claim is a question of pipeline jurisdiction, which was directly addressed in the Consent Decree. Plaintiff's second cause of action is based on PHMSA's determination that the pipelines are intrastate, and thus subject to state jurisdiction. The Consent Decree declares that the pipelines are intrastate and subject to OSFM's jurisdiction. The same jurisdictional question presented here was already presented and determined in the Consent Decree, and accordingly, there is identity of claims.

SB 237 does not alter the analysis for determining that the pipelines are intrastate. Instead, the portion of SB 237 that addresses pipeline safety merely alters a specific aspect of how OSFM regulates a pipeline that is already within its jurisdiction. And an interstate designation is irrelevant to the portions of SB 237 amending the Coastal Act.

Plaintiff's preemption argument is precluded by the Consent Decree. If there is no preemption, the second cause of action must be dismissed.

**IV.    PLAINTIFF HAS NOT PROFFERED FACTS TO SUPPORT LEAVE TO AMEND**

Plaintiff requests leave to cure the defects in the first amended complaint by (1) naming new California state agency defendants (while leaving the State as a defendant, which does not cure the defects as to the State), (2) adding new claims (which does not cure the defects of the existing claims), and (3) alleging additional facts about the intent of SB 237 (which will do nothing to address the defects). *See* ECF 22-1 (Exh. I). Because the allegations in the proposed second amended complaint will do nothing to resolve the deficiencies of the claims against the State as defendant, if relief to file the amended complaint is granted the Court may nevertheless treat the motion to dismiss as addressed to the new pleading. *Klein by Klein v. Caterpillar Inc.*

Defendant State of California's Reply to Plaintiff's Opposition to Motion to Dismiss (1:26-CV-01486-KES-CDB)

581 F.Supp.3d 912, 919 (E.D. Mich. 2022).[3]

**CONCLUSION**

Plaintiff's First Amended Complaint fails to allege facts on which relief may be granted. Moreover, as Plaintiff has not shown it is able to cure these defects as against the State by further amending its complaint, the motion to dismiss should be granted without leave to amend.

Dated: April 22, 2026                    Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California
                                         BRANDON S. WALKER
                                         Supervising Deputy Attorney General
                                         JACK C. NICK
                                         Deputy Attorney General

                                         JACK NICK
                                         Deputy Attorney General
                                         *Attorneys for Defendant*
                                         *State of California*

SA2025306665

---

[3] The State intends to oppose Plaintiff's Motion for Leave to File a Second Amended Complaint due to the prejudice it would cause and its futility as all of the proposed amendments are subject to dismissal.

9

# CERTIFICATE OF SERVICE

Case Name: **Pacific Pipeline Company,
A Delaware Corporation v.
State of California**

Case No.   **1:26-CV-01486-KES-CDB**

I hereby certify that on <u>April 23, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT STATE OF CALIFORNIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 23, 2026</u>, at Los Angeles, California.

<table>
<tr><td>M. Guerrero</td><td><i>/s/ M. Guerrero</i></td></tr>
<tr><td>Declarant</td><td>Signature</td></tr>
</table>

SA2025306665
68285373