**ALSTON & BIRD LLP**
JEFFREY D. DINTZER, SBN 139056
jeffrey.dintzer@alston.com
GARRETT B. STANTON, SBN 324775
garrett.stanton@alston.com
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071-1410
Telephone:   (213) 576-1000
Facsimile:   (213) 576-1100

**PAUL HASTINGS LLP**
BENJAMIN J. HANELIN, SBN 237595
benjaminhanelin@paulhastings.com
NATALIE C. ROGERS, SBN 301254
natalierogers@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Century City, California, 90067
Telephone:   (310) 620-5879
Facsimile:   (310) 620-5899

Attorneys for Plaintiff
PACIFIC PIPELINE COMPANY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# METROPOLITAN DIVISION

| | |
|---|---|
| PACIFIC PIPELINE COMPANY, a Delaware corporation,<br><br>       Plaintiffs,<br><br>       v.<br><br>STATE OF CALIFORNIA, a state government; and DOES 1 through 25, inclusive,<br><br>       Defendants. | Case No. 1:26-CV-01486-KES-CDB<br><br>(*Originally filed as Case No. BCV-25-103508*)<br><br>**PLAINTIFF'S REPLY TO DEFENDANT STATE OF CALIFORNIA'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:    May 26, 2026<br>Time:    10:30 a.m.<br>Judge:   Hon. Christopher D. Baker<br><br>Complaint Filed: September 29, 2025 |

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT.........................................................................................................1

    A.    The State, Commission, and CalFire Are Not Prejudiced by Raising Their Merits-Based Defenses to the SAC Under Rule 12. ....................................................................................2

        1.    The Proposed Defendants May Challenge Whether the SAC Fails to State Claims Under Rule 12, Resulting in No Prejudice. ...................................................................................2

        2.    The Proposed Defendants May Raise Sovereign Immunity Without Any Resulting Prejudice. ............................3

        3.    The SAC Does Not Prejudice the State's Challenge to Pleadings. ...............................................................................5

        4.    Plaintiff's Proposed Claims Do Not Present Prejudicial Facts or Invade Other Jurisdictions. ...........................................5

    B.    The Proposed Claims in the SAC Are Not Futile. ...............................7

        1.    A Sovereign Immunity Defense Will Not Render the SAC Futile. ...................................................................................7

        2.    The State is a Proper Party to All Causes of Action in the SAC....................................................................................9

        3.    Plaintiff May Assert All Causes of Action Contained in the SAC...................................................................................9

            a.    Plaintiff's First and Second Causes of Action. .............10

            b.    Plaintiff's Third Cause of Action. ................................10

            c.    Plaintiff's Fourth and Fifth Causes of Action. ..............11

            d.    Plaintiff's Sixth Cause of Action..................................12

            e.    Plaintiff's Seventh Through Ninth Causes of Action. ...................................................................................13

            f.    Plaintiff's Tenth Cause of Action..................................13

III.  CONCLUSION ....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Aholelei v. Dep't of Pub. Safety*,
  488 F.3d 1144 (9th Cir. 2007) ...................................................................................3

*Arizona Students' Ass'n v. Arizona Bd. of Regents*,
  824 F.3d 858 (9th Cir. 2016) ....................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................3

*City of Cleburne v. Cleburne Living Center*,
  473 U.S. 432 (1895)..................................................................................................11

*DCD Programs, Ltd. v. Leighton*,
  833 F.2d 183 (9th Cir. 1987) .....................................................................................1

*Embury v. King*,
  361 F.3d 562 (9th Cir. 2004) .................................................................................4, 8

*Ferdik v. Bonzelet*,
  963 F.2d 1258 (9th Cir.1992) ...............................................................................5, 10

*Frazier v. City of Fresno*,
  2023 U.S. Dist. LEXIS 19972, 2023 WL 1786228 (E.D. Cal Feb 6, 2023)..5, 10

*Gunter v. Atl. Coast Line R.R. Co.*,
  200 U.S. 273 (1906)................................................................................................4, 9

*Hess v. Port Auth. Trans-Hudson Corp.*,
  513 U.S. 30 (1994).....................................................................................................4

*Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*,
  648 F.2d 1252 (9th Cir. 1981) ...................................................................................5

*Jenkins v. Washington*,
  46 F. Supp. 3d 1110 (W.D. Wash. 2014) ..................................................................4

*Lapides v. Bd. of Regents of Univ. Sys. of Georgia*,
  535 U.S. 613 (2002)................................................................................................4, 9

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)........................................................................................6

*N. Star Int'l v. Ariz. Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) ........................................................................2

*Southern Cal. Healthcare System v. City of Culver City*,
    2022 U.S. Dist. LEXIS 24597 (C.D. Cal. Jan. 19, 2022, No. 2:21-cv-
    05052-MCS-RAO) .......................................................................................12

*Steffel v. Thompson*,
    415 U.S. 452 (1974)........................................................................................6

*Texas v. Caremark, Inc.*,
    584 F.3d 655 (5th Cir. 2009) ........................................................................4

*Texas v. Google LLC (In re S.C. Dep't of Parks, Rec. & Tourism)*,
    103 F.4th 287 (4th Cir. 2024) .......................................................................8

*U.S. Dept. of Agriculture v. Moreno*,
    413 U.S. 528 (1973)......................................................................................11

*Walden v. Nevada*,
    945 F.3d 1088 ................................................................................................4

**STATE CASES**

*City and County of San Francisco v. Sainez*,
    77 Cal.App.4th 1302, 1312-17 (Ct. App. 2000)...........................................12

*Gonzales v. State of California*,
    29 Cal.App.3d 585 (Ct. App. 1972) ...........................................................7, 8

*People ex rel. Lockyer v. Superior Ct.*,
    122 Cal.App.4th 1060 (Ct. App. 2004) ......................................................2, 3

*Sentinel Peak Resources California LLC v. State of California, et al.*,
    No. 24STCV31066 (Super. Ct. of Cal. Los Angeles Cnty., Dec. 2, 2024)..........3

**STATE STATUTES**

California Civil Discovery Act................................................................................3

Government Code § 11043(c)................................................................................2

PLAINTIFFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**RULES**

Fed. R. Civ. P. 8(a)(2) ........................................................................................... 3

Rule 12 .................................................................................................... *passim*

Rule 12(b)(6) ........................................................................................................ 2

Rule 15 ............................................................................................... 1, 2, 3, 4

Rule 15(a) ................................................................................................. *passim*

**OTHER AUTHORITIES**

California Assembly Bill No. 2716 ....................................................................... 8

PLAINTIFFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I.     <u>INTRODUCTION</u>

The State's Opposition entirely fails to demonstrate why leave to file the SAC should not be granted. Leave to amend is granted with extreme liberality in the Ninth Circuit. The State's arguments for prejudice and futility prematurely target the merits of Plaintiff's SAC and fail to overcome the strong presumption in favor of amendment under Rule 15(a).

The State fails to show how Plaintiff's proposed amendment would be prejudicial or futile at this early stage in the litigation. There is no prejudice to the State, Commission, or CalFire, who will all be able to defend this case on the merits if Plaintiff is allowed to file its SAC. The State of California, which shares an unmistakable unity of interest with its agencies (the Commission and CalFire) with respect to SB 237, sought this Court's jurisdiction to address Plaintiff's federal preemption challenge. *See* ECF No. 1. Once it did so, the State waived sovereign immunity for itself and its agencies, and Plaintiff's proposed claims all arise from the same nucleus of facts addressing the legality and application of SB 237.

Nor is amendment futile. The State is, and remains, a properly named defendant. The fact that the State or its agencies may raise affirmative defenses to claims added in the SAC does not render amendment futile, and in any event, Rule 15 is not the correct vehicle to weigh the merits of those defenses.

Accordingly, Plaintiff respectfully requests that its Motion be granted.

## II.     <u>ARGUMENT</u>

The State has failed to meet its burden to demonstrate that a substantial reason exists to deny Plaintiff's Motion. The State's Opposition does not support (1) futility of amendment; (2) prejudice to the State, Commission, or CalFire; (3) bad faith; or (4) undue delay. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Absent these factors, the State cannot overcome its burden to prevent amendment.

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**A.    The State, Commission, and CalFire Are Not Prejudiced by Raising Their Merits-Based Defenses to the SAC Under Rule 12.**

The State's Opposition prematurely sets forth affirmative defenses to Plaintiff's proposed claims in the SAC, including that the proposed amendment involves separate nuclei of facts, attributes the actions of one defendant to all defendants, and expands the State's "limited waiver" of sovereign immunity. Not only do these defenses fail on the merits, but they are properly addressed under Rule 12, not Rule 15. The State further contends that the proposed amendment is duplicative of issues being litigated in other jurisdictions and will cause undue prejudice and delay. The State is wrong on all accounts.

1.    The Proposed Defendants May Challenge Whether the SAC Fails to State Claims Under Rule 12, Resulting in No Prejudice.

*First*, the SAC does not "unfairly attribute actions of one defendant onto all defendants" or "ignore[] the distinction between defendants" as set forth in Government Code section 11043(c). Rather, Plaintiff's proposed amendment is curative, responding directly to the objections raised in the State's Motion to Dismiss by adding the state actors the State contends are necessary to resolve this dispute, and their alleged involvement. *See* ECF No. 22-1, Exs. H and I. This type of amendment falls squarely within Rule 15.

Moreover, the State's argument is a challenge to the legal sufficiency of the allegations in the SAC, not the proposed filing of the SAC. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) (describing the purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint). The State argues the SAC is prejudicial because the State, the Commission, and CalFire are "separate legal entities under California law[,]" citing *People ex rel. Lockyer v. Superior Ct.*, 122 Cal.App.4th 1060 (Ct. App. 2004). However, *People ex rel. Lockyer v. Superior Ct.* did not address prejudice to the State in the context of Rule 15(a). Rather, the court in *People ex rel. Lockyer v. Superior Ct.* examined the nature of California's

- 2 -

state agencies only with respect to discovery demands under the California Civil Discovery Act and did not address the viability of allegations brought against state agencies. *People ex rel. Lockyer v. Superior Ct.*, 122 Cal.App.4th at 1080 ("In sum, we conclude that to obtain documents and witnesses from state agencies…[the demanding party] was required to serve subpoenas directly upon the agencies from which they sought this information.").

Plaintiff has defended the allegations in its First Amended Complaint and demonstrated that the State is a proper defendant. *See* ECF No. 25. And in response, the State has failed to address why it may be subject to similar lawsuits currently proceeding in other courts but not this one.[1] If the State wishes to challenge whether Plaintiff's SAC fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[]" as required under Fed. R. Civ. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the correct vehicle for that challenge is Rule 12, not Rule 15.

2.      The Proposed Defendants May Raise Sovereign Immunity Without Any Resulting Prejudice.

*Second*, the SAC does not intrude upon the State, Commission, or CalFire's sovereign immunity under the Eleventh Amendment or prejudice their ability to raise such a defense to the merits of the SAC, despite the State's claim that the SAC "seeks to improperly expand what is presently a limited waiver of sovereign immunity." Opp. at 8:5-6. The Ninth Circuit has explained that "Eleventh Amendment immunity is an affirmative defense that must be raised early in the proceedings to provide fair warning to the plaintiff." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (internal quotation marks omitted). However,

---

[1] *See Sentinel Peak Resources California LLC v. State of California, et al.*, No. 24STCV31066 (Super. Ct. of Cal. Los Angeles Cnty., Dec. 2, 2024) (challenging California Assembly Bill No. 2716, which amend sections of the California Public Resources Code addressing an operator's low-production oil wells).

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

long-standing Supreme Court precedent holds that a waiver of sovereign immunity is irrevocable: "[W]here a state voluntarily become[s] a party to a cause, and submits its rights for judicial determination, it will be bound thereby, and cannot escape the result of its own voluntary act by involving the prohibitions of the 11th Amendment." *Gunter v. Atl. Coast Line R.R. Co.*, 200 U.S. 273, 284 (1906). The State cites to *Texas v. Caremark, Inc.*, 584 F.3d 655 (5th Cir. 2009), *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30 (1994), *Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858 (9th Cir. 2016), and *Jenkins v. Washington*, 46 F. Supp. 3d 1110 (W.D. Wash. 2014), but none of these cases address the standard set forth in Rule 15(a) or conclude that a plaintiff should not be permitted leave to amend on the basis of sovereign immunity.[2]

Nor does the State squarely confront the authorities offered in support of Plaintiff's Motion, which present more analogous circumstances supporting a waiver of sovereign immunity based on removal. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 622 (2002) (holding a state's immunity under the Eleventh Amendment is waived "when [its] attorney general, authorized…to bring a case in federal court, has voluntarily invoked the court's jurisdiction[]"); *Walden v. Nevada*, 945 F.3d 1088, 1094 (holding waiver applies to all federal-law claims); *Embury v. King*, 361 F.3d 562, 565 (9th Cir. 2004) (holding all federal and state claims are captured by a state's waiver).

The State points to no authority holding an amendment is forestalled—or that a Rule 15 motion is transformed into a Rule 12 motion—simply because it may invoke an affirmative defense. The affirmative defense of sovereign immunity is premature under Rule 15(a), and Plaintiff's claims and the State's defenses (as well

---

[2] Only *Jenkins v. Washington*, 46 F. Supp. 3d 1110 (W.D. Wash. 2014) analyzes a potential waiver of sovereign immunity based on removal. However, the district court in *Jenkins v. Washington* determined that the State of Washington's removal in "a previous state court lawsuit to federal court with other defendants" did not constitute a waiver of immunity in the present lawsuit. *Id.* at 1116-17.

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

as those of the Commission and CalFire, should they choose to bring them) should instead be decided on the merits, with a full opportunity for Plaintiff to respond.

### 3. The SAC Does Not Prejudice the State's Challenge to Pleadings.

*Third*, allowing Plaintiff to file the SAC will moot the State's motion to dismiss but it will not unduly delay it. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) ("An amended pleading supersedes the original pleading such that after amendment the original pleading no longer performs any function and is treated thereafter as nonexistent."); *see also Frazier v. City of Fresno*, 2023 U.S. Dist. LEXIS 19972, 2023 WL 1786228, at *1 (E.D. Cal Feb 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot.").

Any minor delay the State claims may occur does not overcome "[t]he purpose of pleadings[,]" which "is to facilitate a proper disposition on the merits." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry*, 648 F.2d 1252, 1254 (9th Cir. 1981) (internal quotations omitted). Critically, SB 237 was passed by the State and will be enforced by the State and its agencies; the State is undoubtedly a proper defendant to Plaintiff's claims (*see* ECF No. 25 at pp. 9-11) and is not prejudiced by its involvement in the proper disposition of Plaintiff's claims. Plaintiff's proposed amendments are timely brought at this early stage in the litigation. Consequently, the State does not make a compelling case that it will be prejudiced if it remains in the case during the pleadings stage to address the merits of Plaintiff's claims in the SAC.

### 4. Plaintiff's Proposed Claims Do Not Present Prejudicial Facts or Invade Other Jurisdictions.

*Fourth*, Plaintiff's SAC will not prejudice the State, Commission, or CalFire as the proposed new claims arise from the same set of facts alleged in the First Amended Complaint (the passage of SB 237, SB 237's application to the operation

of the Santa Ynez Pipeline System, and SB 237's impact to federal approvals), and Plaintiff's claims do not "add[] confusion, added time, and added costs to this case" for "claims [] already pending in other courts[.]" *See* Opp. at 10:8-17. Rather, Plaintiff's SAC narrowly focuses on issues related to SB 237, which are not addressed in other jurisdictions.

The State argues that there is no reason to include Plaintiff's claims together in the SAC because the "correspondence that State Fire Marshal Berland and the Coastal Commission sent Plaintiff" "are separate transactions that are not related to Plaintiff's sparse factual allegations against the State in its operative FAC." Opp. at 10:10-15. This distinction splits hairs on a common nucleus of operative facts: those letters demonstrate the State, Commission, and CalFire's intent to take regulatory actions against the operation of the Santa Ynez Pipeline System *under SB 237*, threatening Plaintiff with enforcement actions that will violate Plaintiff's constitutional rights. Dintzer Decl., Exhibit H [SAC], ¶¶ 13, 62-64; *see Steffel v. Thompson*, 415 U.S. 452, 459 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights"); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007) ("[W]here threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat").

Without analyzing the substance of Plaintiff's proposed claims in the SAC as compared to the claims in other jurisdictions, the State summarily argues that "these claims are already pending in other courts[.]" Opp. at 10:16. The State argues in general terms that "[t]he legality of the PHMSA Orders and preemption issues are currently being addressed before the Ninth Circuit[;]" "[t]he legality of the DPA Order is being addressed by the United States District Court for the Central District of California [("Central District");]" and "[a] motion to terminate or modify the Consent Decree and a motion to enforce the Consent Decree are pending before [the

Central District]." Opp. at 10:18-26. The State's argument disregards that none of these jurisdictions have been asked to analyze SB 237, its application to the operation of the Santa Ynez Pipeline System, and its effect with respect to federal approvals and a federal executive directive. In contrast, that is precisely what the SAC is designed to accomplish; it does not invade other courts' jurisdictions.

The State fails to demonstrate how Plaintiff's SAC presents any prejudice to the State, favoring Plaintiff's proposed amendment.

**B.    The Proposed Claims in the SAC Are Not Futile.**

Next, the State argues that amendment would be futile because "the SAC does not cure the FAC's deficiencies as to the State… nor would the new claims survive a motion to dismiss." *Id.* at 11:4-6. Although the State itself recognizes these arguments are properly presented in a Rule 12 motion, they nonetheless fail for the reasons set forth below.

1.    A Sovereign Immunity Defense Will Not Render the SAC Futile.

The State asserts that "[f]or each cause of action, amendment is futile because the Coastal Commission, OSFM, and State Fire Marshal Berlant have not waived sovereign immunity, and the *Ex Parte Young* doctrine does not apply to permit suit against the State Fire Marshal." *Id.* at 11:10-12. The State claims that it only provided a "limited waiver of sovereign immunity as to the First and Second Causes of Action" that "cannot be imputed to separate state agencies or agency officials." *Id.* at 11:13-14. The State cites *Gonzales v. State of California*, 29 Cal.App.3d 585 (Ct. App. 1972), which undercuts the State's position that it cannot be named as a defendant, to argue that "the State as an entity is distinct from the specific state agencies and officers who carry out the governmental functions." Opp. at 11:15-17.

*Gonzales v. State of California* does not analyze the State of California's waiver of sovereign immunity or the effect that waiver has on state agencies that act on behalf of the State under a statute like SB 237. *See generally*, 29 Cal.App.3d 585. It held that "[t]he fact that the authority of a school district to operate buses, and the

incidental authority to employ bus drivers, is derived from the state through its Legislature [], does not support the conclusion a bus driver employed by the district is an employee of the state." *Gonzales v. State of California,* 29 Cal.App.3d at 590-91. The State's argument that its waiver of sovereign immunity cannot be imputed onto the Commission and CalFire acting on its behalf as authorized by SB 237 suspends reality. The Commission and CalFire are the State's agencies specifically authorized to carry out SB 237, serving as the State's arms with respect to SB 237.

*Embury v. King* is instructive. There, the Ninth Circuit considered whether a state had waived sovereign immunity as to claims added to an amended complaint after the state removed to federal court, thereby effecting waiver. *See id.* at 565. Analyzing the waiver doctrine, the Ninth Circuit held that the waiver applied to the underlying case, not the individual claims. Thus, the Ninth Circuit held that the state had waived sovereign immunity as to the post-removal claims. *Id.*

Likewise, in *Texas v. Google LLC (In re S.C. Dep't of Parks, Rec. & Tourism)*, 103 F.4th 287 (4th Cir. 2024), the Fourth Circuit held that, by "joining [a] lawsuit against the [defendant], the State voluntarily invoked the jurisdiction of a federal court, thereby effecting a waiver of its Eleventh Amendment immunity as to all matters arising in that suit." *Id.* at 288. In *Texas v. Google LLC*, a South Carolina state agency joined a suit against Google. On appeal, South Carolina attempted to argue that the waiver of sovereign immunity as to one agency could not be imputed onto another. However, the Fourth Circuit declined to follow that "piecemeal" application of the waiver doctrine, holding that "[a]s a result of [South Carolina's] unconditional waiver, there [was] no immunity left for [South Carolina] to assert." *Texas v. Google LLC*, 103 F.4th at 288.

Here, the State waived sovereign immunity for itself and its agencies upon its removal to this court. *See* ECF No. 1 at 1 ("State of California hereby removes to this Court the state court action…."). The California Attorney General serves as counsel for the State, Commission, and CalFire and unequivocally invoked this

Court's jurisdiction. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. at 622. As discussed in section II(A)(4), Plaintiff's SAC addresses SB 237, its application to the operation of the Santa Ynez Pipeline System, and its preemption by federal approvals and directives. The new claims clearly arise from the same underlying case, and this Court should not piecemeal the State's unconditional and irrevocable waiver in a way that distorts this litigation or Plaintiff's SAC. Consequently, the State, Commission, and CalFire cannot prevent the filing of the SAC based on a sovereign immunity defense they have now irrevocably waived when the State removed to this Court. *See Gunter v. Atl. Coast Line R.R. Co.*, 200 U.S. at 284.

2.     The State is a Proper Party to All Causes of Action in the SAC.

The State purports that it is not a proper party to the SAC and Plaintiff's claims do not present an actual controversy ripe of adjudication, again arguing sovereign immunity and advancing the same arguments raised in its motion to dismiss the FAC. As addressed above and in Plaintiff's response in opposition to the State's motion to dismiss the FAC, the State is a proper party, Plaintiff has standing and brings ripe claims, and sovereign immunity was unequivocally waived upon removal. *See* ECF No. 25; *supra* Section II(B)(1). The State is not prohibited from challenging the SAC in a motion to dismiss for all the reasons it sets forth in its opposition to Plaintiff's instant Motion. However, the State's merits-based arguments do not make Plaintiff's SAC futile.

3.     Plaintiff May Assert All Causes of Action Contained in the SAC.

The State spends seven (7) pages attacking the merits of Plaintiff's claims proposed in the SAC (*see* Opp. at 12-18) but fails to demonstrate that the SAC is futile. Plaintiff responds to each merits challenge in turn.[3]

---

[3] The State challenged Plaintiff's First and Second Causes of Action in its motion to dismiss the FAC. ECF No. 20. Plaintiff filed its response in opposition. ECF No. 25. Should amendment be allowed, the SAC will supersede Plaintiff's

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### a.    Plaintiff's First and Second Causes of Action.

Plaintiff's claims against the State will be mooted by the SAC, present an actual controversy that is ripe for adjudication, and the Commission and CalFire may be properly added to these claims. *See* ECF No. 25. The State's motion to dismiss suggested that the Commission and CalFire may be proper parties to this action, and Plaintiff now seeks to include them upon their threatened enforcement of SB 237. They are now properly added as defendants in the SAC to these claims.

Moreover, Plaintiff's Second Cause of Action does not invade the providence of the Ninth Circuit as the State argues. *See* Opp. at 14:6-8. Rather, the Second Cause of Action narrowly addresses the preemptive effect of PHMSA's orders *with respect to SB 237*. That question is not posed to the Ninth Circuit.

Plaintiff's First and Second Causes of Action allege sufficient facts to state claims against all proposed defendants, and it would not be futile to allow Plaintiff to file its SAC with these claims.

### b.    Plaintiff's Third Cause of Action.

The State advances the same arguments to the Third Cause of Action addressing the DPA Order's preemptive effect with respect to SB 237. The State reasserts that "[n]either the State nor any of the proposed new defendants have waived their sovereign immunity on this claim and distinct set of facts and issues." Opp. at 14:14-16. However, the Third Cause of Action does not arise from new facts or issues, as it addresses the preemptive effect of a federal executive order commanding Plaintiff to immediately operate the Santa Ynez Pipeline System with respect to SB 237. Plaintiff's ability to operate the Santa Ynez Pipeline System considering SB 237 has been the crux of this lawsuit since its inception. The addition of a claim addressing the DPA Order's preemptive effect does not change the nature

First Amended Complaint and, as a result, moot the State's pending motion to dismiss, and the State may reassert its arguments to the SAC under Rule 12. *See Ferdik v. Bonzelet*, 963 F.2d at 1262; *see also Frazier v. City of Fresno*, 2023 U.S. Dist. LEXIS 19972, 2023 WL 1786228, at *1.

PLAINTIFFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

of this lawsuit, and the DPA Order would be readily judicially noticeable even in the context of Plaintiff's already existing claims. Therefore, the Third Cause of Action does not arise from a "distinct set of facts and issues" and relates to the underlying case, confirming the waiver of sovereign immunity as to this claim. The State's arguments do not demonstrate that the Third Cause of Action is futile.

### c.    *Plaintiff's Fourth and Fifth Causes of Action.*

The State also challenges the Fourth and Fifth Causes of Action alleging constitutional violations under the Due Process Clause and Equal Protection Clause of the United States Constitution resulting from SB 237. The State, again, asserts its sovereign immunity to these claims, but for the same reasons set forth above, immunity has been waived.

The State additionally argues that these claims would not survive a motion to dismiss because "there was a rational legislative purpose for SB 237 and that there was a rational basis for targeting the legislation toward idled, inactive, and out of service pipelines." Opp. at 15:11-14. However, this argument is inconsistent with the standard governing motions for leave under Rule 15(a), and even motions to dismiss under Rule 12. At this stage, the Court must accept the complaint's factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Whether SB 237 survives a rational basis review cannot be resolved without a developed factual record. Discovery has not yet commenced, and Plaintiff has sufficiently alleged that SB 237's classifications are improper under the law. And if the statute's effect is to shift oil production elsewhere with worse environmental outcomes, then it cannot be said to rationally promote the Legislature's stated goals. *U.S. Dept. of Agriculture v. Moreno*, 413 U.S. 528, 534 (1973) (holding that legislative history showing "a bare congressional desire to harm a politically unpopular group cannot constitute a legitimate governmental interest"); *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 448 (1895) (finding equal protection violation where "in our view the record does not reveal any rational basis for believing that the Featherston

- 11 -

home would pose any special threat to the city's legitimate interests"). The State's application of the rational basis standard with an undeveloped record does not render the Fourth and Fifth Causes of Action futile.

***d.    Plaintiff's Sixth Cause of Action.***

To Plaintiff's claim for bill of attainder, the State repeats its sovereign immunity defense, which fails again for the reasons set forth above. The State further litigates the merits of Plaintiff's bill of attainder claim to purport its futility. However, the State's arguments do not demonstrate any futility in amendment.

The State incorrectly argues that SB 237 does not single out Plaintiff because it does not specifically name Plaintiff, Plaintiff's business operations, or Plaintiff's conduct. The State argues that SB 237 applies "broadly to any pipeline in the State that has been idle, inactive, or out of service for five years or more…." Opp. at 16:18-20. But in reality, and as Assemblymember Gregg Hart has justified to the media, SB 237 is far more narrowly drawn and intended to prevent Plaintiff's business operations.

As will be developed on a fulsome factual record with discovery, there are no other operations existing now or in the future that SB 237 may be reasonably applied to other than Plaintiff's business operations. And there is no doubt, even on the slim record, SB 237 inflicts punishment on Plaintiff. Courts often look beyond the statutory language to assess whether there is a punitive intent, including looking at the legislative history or other indicia of the circumstances surrounding the passage of the bill. *Southern Cal. Healthcare System v. City of Culver City*, 2022 U.S. Dist. LEXIS 24597 (C.D. Cal. Jan. 19, 2022, No. 2:21-cv-05052-MCS-RAO); *City and County of San Francisco v. Sainez*, 77. Cal.App.4th 1302, 1312-17 (Ct. App. 2000) (looking at various factors to determine if a penalty was punitive, including defendant's conduct and financial circumstances).

The State's broad strokes argument that SB 237 does not constitute a bill of attainder does not make Plaintiff's Sixth Cause of Action futile.

- 12 -

e.    *Plaintiff's Seventh Through Ninth Causes of Action.*

The State argues that Plaintiff's Seventh through Ninth Causes of Action are futile because the proposed defendants have not waived sovereign immunity, the claims are not ripe, and the "SAC fails to specifically allege what acts each defendant separately committed that constitute enforcement or threatened enforcement of SB 237." Plaintiff's sovereign immunity defense has been waived to the underlying action, and thus these claims as well, and these claims are similarly ripe for the same reasons discussed above. The State's intent to challenge whether the SAC sets forth sufficient facts to state these claims, which it does, does not make it futile to allow Plaintiff to bring the claims, which the State may properly challenge under Rule 12.

f.    *Plaintiff's Tenth Cause of Action.*

The State argues that Plaintiff's claim for injunctive relief cannot stand alone and will not survive a motion to dismiss. The State's purported challenge to this cause of action does not render the SAC futile and does not stand to prevent amendment under Rule 15(a) as a result.

## III.    CONCLUSION

For the foregoing reasons, and as set forth previously in Plaintiff's moving papers, Plaintiff respectfully requests that its Motion be granted and it be permitted to file its Second Amended Complaint, in the form lodged concurrently with this Motion. *See* Dintzer Decl. at ¶ 18, Ex. H.

Respectfully submitted,

DATED:  May 4, 2026          **ALSTON & BIRD LLP**

By: /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER
Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list.

I certify that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, 4th day of May, 2026.

By: /s/ *Jeffrey D. Dintzer*
JEFFREY D. DINTZER
Attorney for Plaintiff
PACIFIC PIPELINE
COMPANY

- 14 -