ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
MATTHEW BULLOCK (SBN 243377)
MICHAEL S. DORSI (SBN 281865)
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 510-3802
  Fax: (415) 703-5480
  E-mail: Michael.Dorsi@doj.ca.gov
*Attorneys for Defendants*
*California Department of Forestry and*
*Fire Protection, Office of the State Fire*
*Marshal, and Daniel Berlant, in his official*
*capacity as State Fire Marshal*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PACIFIC PIPELINE COMPANY, a Delaware Corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA, a state government; CALIFORNIA COASTAL COMMISSION, a state agency; CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, a state agency; OFFICE OF THE STATE FIRE MARSHAL, a state agency; DANIEL BERLANT, in his official capacity as State Fire Marshal and DOES 1 through 25, inclusive,**<br><br>Defendants. | 1:26-CV-01486-KES-CDB<br><br>**DEFENDANTS CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, OFFICE OF THE STATE FIRE MARSHAL, AND DANIEL BERLANT'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:           September 21, 2026<br>Time:           1:30 p.m.<br>Courtroom:   6 [7th Floor]<br>Judge:         The Honorable Kirk E. Sherriff<br><br>Trial Date:    None Set<br>Action Filed:  September 29, 2025 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS:

PLEASE TAKE NOTICE that on Monday, September 21, 2026, at 1:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 6 of the Robert E. Coyle United States Courthouse located at 2500 Tulare Street in Fresno, California 93721, Defendants California Department of Forestry and Fire Protection, Office of the State Fire Marshal, and Daniel Berlant, in his official capacity as State Fire Marshal (collectively, the "Fire Marshal Defendants"), will and do move to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Pacific Pipeline Company ("Plaintiff"). The motion will be and hereby is based on this notice, the memorandum of points and authorities in support of the motion, the concurrently-filed Request for Judicial Notice, Federal Rule of Civil Procedure 12(b)(1) and (6), the files and records in this action, and any further evidence, material, and argument that the Court may receive at or before the hearing, which the Court may lawfully consider.

Counsel for the parties met and conferred via Microsoft Teams on July 31, 2026. Counsel discussed the basis for the motion and potential resolution, but resolution was not reached. Counsel for Plaintiff stated that they intend to oppose the motion to dismiss. The parties agreed they have exhausted meet and confer efforts. Counsel also discussed a stipulated adjusted briefing schedule. The parties are presently working on a stipulation requesting an adjusted schedule.

The particular grounds on which the Fire Marshal Defendants will move to dismiss the SAC are as follows:

**First Cause of Action**

The Court lacks subject matter jurisdiction over the First Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Second Cause of Action**

The Court lacks subject matter jurisdiction over the Second Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Third Cause of Action**

The Court lacks subject matter jurisdiction over the Third Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Further, the Third Cause of Action, arising under the Defense Production Act, fails to state a claim upon which relief can be granted because the Defense Production Act does not preempt state law except as to contracts and antitrust. *See* 50 U.S.C. § 4557, 4558(j); *United States v. Vertac Chem. Corp.*, 46 F.3d 803, 812 (8th Cir. 1995), *Hercules Inc. v. United States*, 24 F.3d 188, 191 n.4 (Fed. Cir. 1994), *aff'd on other grounds*, 516 U.S. 417 (1996), *Sable Offshore Corp., et al. v. County of Santa Barbara, et al.*, No. CV 25-4165-DMG, 2026 WL 2058424, at *13 (C.D. Cal. July 14, 2026). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Fourth Cause of Action**

The Court lacks subject matter jurisdiction over the Fourth Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Fifth Cause of Action**

2

The Court lacks subject matter jurisdiction over the Fifth Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Sixth Cause of Action**

The Court lacks subject matter jurisdiction over the Sixth Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Seventh Cause of Action**

The Court lacks subject matter jurisdiction over the Seventh Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Eighth Cause of Action**

The Court lacks subject matter jurisdiction over the Eighth Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Ninth Cause of Action**

3

The Court lacks subject matter jurisdiction over the Ninth Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**Tenth Cause of Action**

The Court lacks subject matter jurisdiction over the Tenth Cause of Action because, as to the Fire Marshal Defendants, the case is not ripe for adjudication, *see Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000), and because Pacific Pipeline's claims are barred by sovereign immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). More, the Tenth Cause of Action is a remedy that is derivative of the other causes of action; because those causes of action should be dismissed, the Tenth Cause of Action should be as well. Therefore it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

Dated:  July 31, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Michael S. Dorsi*
MICHAEL DORSI
Deputy Attorney General
*Attorneys for Defendants*
*California Department of Forestry and*
*Fire Protection, Office of the State Fire*
*Marshal, and Daniel Berlant, in his official*
*capacity as State Fire Marshal*

4